OPINION OF THE COURT
Elrich A. Eastman, J.
Before the court is respondent’s motion to dismiss petitioner’s application for custody of the child, Christine C., and/or for visitation pursuant to subdivision (b) of section 651 of the Family Court Act; and/or, appointment as the child’s legal guardian pursuant to section 661 of the Family Court Act.
Christine C., born June 3, 1964, is temporarily in the care and custody of the Commissioner of Social Services by virtue of a voluntary placement agreement executed by Miriam C., Christine’s mother, during Miriam’s disability, pursuant to section 384-a of the Social Services Law. Prior to placement Christine resided at all times with her mother and was supported by public assistance.
Petitioner is Miriam’s former boyfriend and neighbor who has been known to Christine for nearly 15 years. From *134 time to time petitioner has assisted in the care of Christine. However, the parties lived separately, and no established family pattern ensued. Petitioner’s relationship with the child, albeit supportive and commendable was, in truth, one of friendship and not of kinship giving rise to a right of custody as between himself and Miriam, or the persons to whom she entrusted the care of her child during the period of her hospitalization.
Accordingly, the court can find no relationship between petitioner and the child to justify a grant of relief under subdivision (b) of section 651 of the Family Court Act.
While subdivision (b) of section 651 of the Family Court Act provides that the Family Court has jurisdiction over habeas corpus proceedings and proceedings to determine the custody of minors, it is silent as to who may commence such a suit. (Humphrey v Humphrey, 103 Misc 2d 175.) In Humphrey v Humphrey (supra) the court observed that standing to commence particular proceedings in the Family Court, such as neglect proceedings, family offense proceedings, juvenile delinquency and persons in need of supervision (PINS) proceedings, has been specifically granted by the Legislature to designated individuals and agencies. (See, e.g., Family Ct Act, §§ 733, 1032; Social Services Law, §§ 383, 384-b.) The court reasoned (at p 178) that the legislative intent in conferring standing to institute proceedings in the Family Court only upon specified agencies and individuals is “to prevent spurious and malicious suits and intrusions into the privacy of the family brought by disgruntled third parties who may not approve of the life style of the parent or the manner in which the child is being raised.”
Similarly, standing to commence custody proceedings in Supreme Court pursuant to section 70 of the Domestic Relations Law is specifically conferred upon the parents of a child. No other person or class of persons is contemplated. Moreover, it is only by means of section 72 of the Domestic Relations Law that grandparents may petition for visitation with their grandchildren. Absent this legislative grant of standing, and absent “extraordinary circumstances” within the meaning of Matter of Bennett v Jeffreys *135 (40 NY2d 543) no other means exist for nonparent relatives to petition for visitation. Indeed, in Lo Presti v Lo Presti (40 NY2d 522, 526-527) the court states that “[section 72 of the Domestic Relations Law was enacted as] a procedural vehicle [whereby] grandparents might assert that visitation *** is warranted *** [since] [p]rior law had made no such provision, thereby depriving grandparents of even making an application for the right to visit their grandchildren”. (Emphasis supplied.) A mere friend[2] who is unrelated either by consanguinity or by marriage and has no legal obligations to a child cannot petition for her custody (Velasquez v Jankowski, NYLJ, Nov. 17,1978, p 14, col 1), in the absence of a legislative grant of standing akin to section 72 of the Domestic Relations Law.
Subdivision (b) of section 651 of the Family Court Act can be said to encompass CPLR article 70, “the classic remedy of habeas corpus to determine custody” (Matter of Tamara I., 91 Misc 2d 995, 996), since the statute gives the Family Court all the powers of the Supreme Court in addition to its own powers. However, petitioner is not a proper person to act “on behalf’ of the child pursuant to CPLR 7002 (subd [a]) in view of the fact that Miriam has not been “displaced or disqualified” as the person to exercise parental responsibilities on behalf of the child. (Matter of Bennett v Jeffreys, supra, at p 548.) Indeed, voluntary placement is intended for a temporary time, and the commissioner is mandated to return the child to the parent upon demand pursuant to section 384-a of the Social Services Law. (See Matter of Allen, 88 Misc 2d 265.) Temporary voluntary commitment to foster care does not and should not have the legal effect of surrender, abandonment, persistent neglect or unfitness within the meaning of Matter of Bennett v Jeffreys (supra). (See Matter of Allen, supra.)
Moreover, the best interests of the child are not in issue without an affirmative allegation as to improper care or prior custodial arrangement. In Matter of Bennett v Jeffreys (supra, p 552, n 2) the court remarked: “Third-party custo *136 dians acquire ‘rights’ — really the opportunity to be heard — only derivatively by virtue of the child’s best interests being considered, a consideration which arises only after, as the cases have always held, the parent’s rights and responsibilities have been displaced.” Here, the petition does not show patently that the welfare of the child requires this court to accept jurisdiction over petitioner’s application (cf. Humphrey v Humphrey, 103 Misc 2d 175, 178, supra.) Moreover, both mother and child oppose any custodial arrangement or visitation with petitioner, which, in view of the child’s age, must be accorded great weight.
Mere designation of petitioner in a neglect petition as a “person legally responsible for a child’s care” pursuant to subdivision (a) of section 1012 of the Family Court Act, which petition was subsequently withdrawn after voluntary placement of the child, does not per se create a legally protected interest in favor of petitioner as to custodial rights herein.
Petitioner’s request for appointment as legal guardian of the child is denied since the mother continues to be her legal guardian notwithstanding the voluntary transfer of Christine’s care and custody to the commissioner, under section 384-a of the Social Services Law.
Accordingly, the petition is dismissed.

. Compare section 33.15 of the Mental Hygiene Law wherein application may be made by a relative or friend on behalf of a person hospitalized or in custody.