OPINION OF THE COURT
Minna R. Buck, J.
Petitioner stepfather, by petition filed on July 5, 1984, seeks weekend visitation rights with his wife’s two children, William S. and Eddie S., pursuant to subdivision (b) of section 651 of the Family Court Act. The petitioner alleges that petitioner and the children’s mother, respondent, were married on June 4, 1975, when the children were about five and four years of age, respectively, and that petitioner and respondent separated around the beginning of 1984. Petitioner also alleges that he has been prevented from visiting with the children outside their present home since the separation.
Petitioner and respondent appeared before the court on August 1, 1984. At that time, counsel for both parties were assigned and a Law Guardian for the children was appointed. The court then reserved decision on respondent’s motion to dismiss on the grounds that petitioner lacked standing to seek visitation rights with his stepchildren.
The court now finds that petitioner stepfather has standing to seek visitation rights with his stepchildren. Subdivision (b) of section 651 of the Family Court Act gives the Family Court jurisdiction to determine matters of custody and visitation; it does not, however, specify those who have standing to seek such determination. A review of the case law shows that the issue of standing has been litigated much more frequently in matters of custody than of visitation.
*31 It has been held that anyone who has an interest in the welfare of a child has standing to petition for custody of the child under section 651 of the Family Court Act. (Matter of Humphrey v Humphrey, 103 Misc 2d 175; Matter of Smith v Lascaris, 106 Misc 2d 1044.) It has also been held that intervention by the State in the right and responsibility of a natural parent to custody of a child is warranted “if there is first a judicial finding of * * * abandonment, unfitness, persistent neglect * * * or other equivalent but rare extraordinary circumstance which would drastically affect the welfare of the child. It is only on such a premise that the courts may then proceed to inquire into the best interest of the child and to order a custodial disposition on that ground.” (Matter of Bennett v Jeffreys, 40 NY2d 543, 549; emphasis added.) Since the right to determine custody matters includes the right to determine visitation matters (Matter of Juan R. v Necta V., 84 Misc 2d 580, affd 55 AD2d 33), the principles set forth in those cases determining custody matters must apply to cases in which the court is asked to determine visitation matters.
In the case at bar, petitioner and respondent were married in 1975, and lived together with respondent’s two children until early 1984, a period of almost nine years. These nine years were developmentally important for the children. Whether the nature of the relationship between petitioner and the children during that time was such that its disruption would create an extraordinary circumstance which would drastically affect the welfare of the children (Matter of Bennett v Jeffreys, supra) must be judicially determined. Should the court find such an extraordinary circumstance, it must then inquire into the children’s best interests and make a determination as to petitioner’s visitation rights with the children.
Accordingly, it is ordered that a hearing to determine the matters set forth above be held on November 13, 1984, at 9:30 a.m. in Part V.