■ In the Matter of Anonymous et al., Appellants, et al., Petitioner, v Marie Olson et al., Respondents.—In a proceeding pursuant to Family Court Act § 651 to determine the custody of children, petitioners appeal from an order of the Family Court, Queens County (Pearce, J.), dated July 31, 1984, which, upon a finding that the children in question were homeless, destitute and abandoned within the meaning of Social Services Law § 371, directed, *inter alia*, that they be committed to the care and custody of the Commissioner of the New York City Department of Social Services (hereinafter the commissioner) and that they continue to reside in the home of the petitioners under the commissioner's supervision.

Order affirmed, without costs or disbursements.

The instant petition was brought to determine the custody of twin girls whose mother was murdered on November 22, 1982. It is alleged by the petitioners and not disputed that the father was subsequently convicted of that murder and is now serving a term of 25 years to life imprisonment. Soon after their mother's death, the twins (then approximately 13 months old) were taken into the home of the petitioners, where they have resided ever since. Petitioners are acquainted with the natural mother's family and apparently had that family's consent to the arrangement. Shortly after receiving the children, petitioners commenced the instant proceeding to determine custody. The Family Court, *sua sponte*, ordered a Social Services investigation of the condition of the children and directed that the Commissioner of the New York City Department of Social Services be joined as a copetitioner.

Following a hearing, the court issued an order awarding custody of the children to the commissioner, and directing that they continue in residence in the petitioners' home under the commissioner's supervision. Petitioners have appealed requesting, *inter alia,* that they be awarded exclusive custody.

We note at the outset that petitioners have standing to bring the instant proceeding due to the extraordinary factual circumstances involved in this case (i.e., the mother's death, the father's incarceration, and the apparent inability or unwillingness of relatives of the children to care for them), as well as the petitioners' obvious involvement with and concern for the children. Moreover, the Family Court properly exercised its jurisdiction in entertaining the present proceeding, as it is obvious that the welfare of the children required that a determination be made as to their lawful custody (*see, Matter of Smith v Lascaris,* 106 Misc 2d 1044; *Matter of Humphrey v Humphrey,* 103 Misc 2d 175).

However, we reject petitioners' argument that the joinder of the commissioner as a copetitioner was improper. That decision was highly beneficial in that it operated, *inter alia,* to ensure the court ready access to necessary information regarding the condition and treatment of the children.

Finally, the award of custody to the commissioner was entirely proper in this case. The record amply supports the Family Court's conclusion that the children are "homeless, destitute and abandoned as defined under [Social Services Law] § 371 (2), (3) (a), (3) (d)". The surviving natural parent could not properly care for the children and apparently no other relatives were willing or able to provide for their support. Similarly, the court did not abuse its discretion in directing that the children's continued residence with the petitioners be under the commissioner's supervision. The investigative report indicated that the children were thriving under the petitioners' care and recommended that their residency with the petitioners be continued. However, in light of the fact that the children had only lived with the petitioners for one month prior to the commencement of the instant proceeding and that the petitioners were not legally obligated to care for them, the Family Court clearly acted in the best interests of the children by directing, *inter alia,* that the commissioner supervise their continued residency with the petitioners. Lazer, J. P., Gibbons, Thompson and Kunzeman, JJ., concur.