OPINION OF THE COURT
Stanley Gartenstein, J.
In proceedings before the Family Court of New York County, a final judgment and order terminating parental rights to the subject child Thomas R., as to both parents, was entered on July 9,1981 (per Dembitz, J.). This order was affirmed by the Appellate Division, First Department, on January 27,1983. (Matter of Jewish Child Care Assn. [Thomas R.], 91 AD2d 1211.) A motion for leave to appeal to the Court of Appeals was denied on April 19, 1983. The child has since been adopted.
Petitioner is the maternal stepgrandfather. During the time he was married to Thomas’ grandmother, he never adopted Thomas’ natural mother. He now. seeks visitation with his stepgrandchild. The adoptive parents, through the authorized child-care agency, cross-move to dismiss for want of jurisdiction.
The Court of Appeals has refused to blindly follow the legal fiction that adoption wipes out all traces of a prior family. In People ex rel. Sibley v Sheppard (54 NY2d 320) that court upheld the right of a natural grandparent to petition for visitation pursuant to Domestic Relations Law § 72 even in the face of an adoption of the child in question by another family. Holding (p 326) that “[a]n adopted child may not in all respects be isolated from his or her natural family”, the Court of Appeals went on to state that “Some may perceive an inconsistency in the termination of some rights, but not others, between the adoptive child and the natural family. If such exists, the desire for consistency in the law should not of itself sever the bonds between the child *1038 and the natural relatives”. The court, citing its own decision in Lo Presti v Lo Presti (40 NY2d 522), then confirmed the “best interests” standard and mandated a hearing for the purpose of making this determination.
The status of a stepgrandparent is an open question under the statutory scheme and case holdings. It has been held, however, that section 72 which affords visitation to a grandparent is in derogation of the common law (cf. Lo Presti v Lo Presti, supra) and was enacted for want of any similar provision under existing law. As such, it must be strictly construed. (Erickson v Macy, 231 NY 86; Dean v Metropolitan El. Ry. Co., 119 NY 540.)
Realizing that the reasoning of the Court of Appeals in Sibley (supra) may be applied as validly to stepgrandparents as to blood grandparents, we must nevertheless hold that stepgrandparents do not fall within the implementing statute. The basic legal distinction between blood relatives and steprelatives is obvious. (Matter of Goetzinger, 12 Misc 2d 197.) Absent a specific legislative grant to a stepgrandparent of standing to sue, no means presently exists for this petitioner to seek this relief. (Matter of Roland F. v Brezenoff, 108 Misc 2d 133.) The petition therefore fails to make a threshold showing sufficient to trigger a “best interests” hearing.
If the Legislature sees fit to amend Domestic Relations Law § 72 to recognize a new category of persons entitled to relief under these circumstances, that is its prerogative. A court, however, faced with a specific enactment, may not enlarge upon it simply to accommodate the equities before it. (Bright Homes v Wright, 8 NY2d 157; Matter of Bellavia v MVAIC, 28 Misc 2d 420.)
Cross motion granted. Petition dismissed on the law.