OPINION OF THE COURT
Anthony T. Kane, J.
This matter came before the court on September 6, 1985, pursuant to a petition for visitation and an order to show cause by the maternal step-great-grandfather, Robert Taylor, seeking an order of visitation. At the hearing, the respondent moved to dismiss the petition claiming that the petitioner lacked standing to institute an action for visitation under Family Court Act § 651 (b). Before proceeding further, the court adjourned the hearing in order to rule on this preliminary matter.
The minor child, Gillian Trujillo, was born on December 10, 1979 and lived with his great-grandmother, the petitioner’s deceased wife, and the petitioner until June 3, 1985 when custody was transferred, by court order, to the natural mother, Patricia Alger. Prior to the transfer of custody, the petitioner’s wife died and the respondent has denied the petitioner access to the child.
Family Court Act § 651 (b) provides that: "[w]hen initiated in the family court, the family court has jurisdiction to determine, with the same powers possessed by the supreme court in addition to its own powers, habeas corpus proceedings *1055 brought by petition and order to show cause, for the determination of the custody or visitation of minors.”
This section confers subject matter jurisdiction on the Family Court but it is silent as to who may institute the action "[wjhether a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy is what has traditionally been referred to as the question of standing to sue.” (Sierra Club v Morton, 405 US 727, 731-732.)
The Family Court in Matter of Humphrey v Humphrey (103 Misc 2d 175 [Fam Ct, Steuben County 1980]) dealt with the issue of whether grandparents have standing to petition for custody. In citing Sierra Club (supra) the court held that: "[t]he petition must show on its face that the remedy asked for will be for the benefit of the child.” (Supra, at p 178.) Finding that the grandparent’s petition did state that the remedy was for the child’s benefit, the court held that: "This court, therefore, will accept jurisdiction, both substantive and procedural, over a petition brought under subdivision (b) of section 651 of the Family Court Act when the petition shows patently that the welfare of the child may require it.” (Supra, p 178.)
In Matter of Trapp v Trapp (126 Misc 2d 30 [Fam Ct, Onondaga County 1984]), the procedural issue of standing to petition under Family Court Act § 651 (b) was again addressed. Noting that the majority of cases dealing with standing under section 651 are with respect to custody petitions, the court found that: "Since the right to determine custody matters includes the right to determine visitation matters * * * the principles set forth in those cases determining custody matters must apply to cases in which the court is asked to determine visitation matters.” (Supra, at p 31.) Therefore, whether the issue of standing is raised with respect to a custody petition or a petition for visitation, the determinative factor is whether the welfare of the child may require the granting of such an order.
If the petition shows that the welfare of the child requires it, the court will accept jurisdiction over the petition. The minor child involved in this proceeding lived with the petitioner and his wife from infancy until he was five years old. Clearly, a person who raises a child during the formative first five years of the child’s life has an interest in that child’s future welfare and the child has an interest in a continued relationship with that person.
*1056 Since the petition does indicate that visitation may be in the child’s best interest, this court will accept jurisdiction, both substantive and procedural, over the petition.
Additionally, since there are matters to be determined with respect to the minor child’s best interests, a further hearing is necessary.