■ In the Matter of DAVID M., Respondent, v LISA M., Appellant. [615 NYS2d 783] —Yesawich Jr., J. Appeal from an order of the Family Court of Rensselaer County (Tepedino, J.H.O.), entered November 18, 1992, which granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for visitation with his great-grandson.

Since she was about nine years old, respondent lived with her paternal grandparents, petitioner and his wife. In December 1991, when respondent was 18, she and her son, Jeremy, left petitioner's household and took up residence with respondent's mother. In May 1992, petitioner commenced this proceeding seeking visitation with his great-grandson.

A fact-finding hearing was held, at which respondent testified that she had been pregnant with Jeremy at the age of 14 and that she had been sexually abused by her father, uncles and petitioner. She also stated that she was opposed to petitioner having visitation with Jeremy because of her concern that Jeremy would be subjected to abuse. Petitioner denied any improper contact with respondent or with Jeremy; indeed, it appears from all the testimony that Jeremy and petitioner had a very warm and close relationship when respondent was living with petitioner and his wife, and that petitioner was Jeremy's primary caretaker during that time.

The Law Guardian, who opined that respondent's claims of abuse at petitioner's hands were not credible, recommended that visitation be awarded to petitioner and Family Court agreed; petitioner was granted four hours of supervised visitation with Jeremy per month, prompting respondent to appeal.

Family Court does have subject matter jurisdiction over this proceeding, which has been brought for the purpose of determining "the custody or visitation of minors" (Family Ct Act § 651 [b]; *see, Matter of Taylor v Alger,* 129 Misc 2d 1054, 1055); respondent's argument to the contrary is, in reality, addressed to the question of petitioner's standing, which, as petitioner rightly observes, may not ordinarily be raised for the first time on appeal. Nevertheless, a reversal is dictated, for petitioner is simply not entitled to visitation.

Although Domestic Relations Law § 72 provides that a grandparent may obtain visitation if it is found to be in the best interest of the child, the outcome of this proceeding—brought not by a grandparent but by a great-grandparent—is not governed by that statute, the terms of which must be strictly construed *(see, Matter of Anthony L. v Seymour S.,* 128 Misc 2d 1037, 1038). As observed in *Matter of Alison D. v Virginia M.* (77 NY2d 651, 656-657), the Legislature has apparently found no compelling reason to permit distant relatives, or parties with whom a child has established a relationship, to seek or obtain visitation. There being no statutory basis for the relief petitioner requests, it is necessary to look to the common law to determine whether he is entitled to the visitation Family Court accorded him.

Under the common law, as recently explicated by the Court of Appeals, if the fitness of a parent is not questioned, interference with that parent's right to limit those with whom his or her child associates is only justified upon a showing of "some compelling State purpose which furthers the child's best interests" *(Matter of Ronald FF. v Cindy GG.,* 70 NY2d 141, 145). Inasmuch as petitioner has not demonstrated, nor even alleged, any facts or circumstances that would warrant such judicial intervention, Family Court erred in awarding petitioner visitation.

Cardona, P. J., White, Weiss and Peters, JJ., concur. Ordered that the order is reversed, on the law, without costs, and petition dismissed.