■ In the Matter of JANE F. LUTHER et al., Appellants, v DIANE M. RATE et al., Respondents. [640 NYS2d 343] —Cardona, P. J. Appeal from an order of the Family Court of Schenectady County (Reilly, Jr., J.), entered March 15, 1995, which, in a proceeding pursuant to Family Court Act article 6 and SCPA

article 17, granted respondent Diane M. Rate's motion to dismiss the petition for lack of standing.

Petitioners commenced this proceeding seeking, *inter alia*, custody of an infant born out of wedlock in August 1994. Unfortunately, the child's mother is deceased, allegedly killed by the child's purported biological father on September 14, 1994. Before the mother's death, she and the child lived with petitioner Jane F. Luther and her husband, petitioner Kurt R. Luther. The Luthers apparently cared for the child in the days immediately following the mother's death. Petitioner James Carolus and Mary Broecker were close friends of the mother. Although none of the petitioners were related to the mother by blood, Jane Luther was the mother's aunt through a former marriage and had physical custody of the mother when she was a teenager. On September 19, 1994, the Luthers allowed the child's maternal grandmother, respondent Diane M. Rate (hereinafter respondent), to take the child for visitation. Respondent did not return the child and apparently obtained a temporary order of custody. Petitioners thereafter commenced this proceeding which Family Court dismissed for lack of standing. We affirm.

Although Family Court had jurisdiction over this custody proceeding (*see*, Family Ct Act § 651 [b]), there is no statutory authority which gives petitioners, as nonparents who were never formally given care of the child, the right to seek custody (*cf.*, Social Services Law § 383 [certain foster parents given right to intervene in custody proceedings]; *see generally, Matter of Bessette v Saratoga County Commr. of Social Servs.*, 209 AD2d 838; *Matter of David M. v Lisa M.*, 207 AD2d 623). The Legislature has simply not chosen to grant such individuals standing to petition for custody. Therefore, we must look to the common law to determine whether these petitioners were entitled to seek custody (*see, Matter of Janet S. M. M. v Commissioner of Social Servs.*, 158 Misc 2d 851; *see also, Matter of David M. v Lisa M., supra*).

Under the common law, before standing is accorded to nonparents in custody matters, extraordinary factual circumstances must first be found to exist (*see, Matter of Anonymous v Olson*, 112 AD2d 299). In addition, in all of the cases where a nonparent was granted standing, the child had some tangible and/or meaningful connection with the nonparent (*see, e.g., Matter of Janet S. M. M. v Commissioner of Social Servs., supra*, at 856 [and cases cited therein]). Here, while the factual circumstances can certainly be deemed extraordinary (*see, Matter of Anonymous v Olson, supra*), the facts do not reveal enough

of a nexus between the child and petitioners so as to warrant their being granted standing to pursue custody of the child (*cf., supra*). Neither Carolus nor Broecker have standing because they have no blood, marital, caretaking or social relationship with the child and, in effect, are strangers to her (*see, Matter of Janet S. M. M. v Commissioner of Social Servs., supra*, at 857). The Luthers did have full caretaking responsibilities for the child immediately after the mother's death, although for only a few days when the child was not more than five weeks old. Jane Luther's marital ties were no longer significant. Therefore, we cannot say that Family Court erred, under the circumstances of this case, in concluding that the Luthers failed to demonstrate a sufficient nexus with the child to justify a finding of standing. We emphasize that our decision should not be viewed as, in any way, diminishing petitioners' expressed concerns for the child's welfare.

Crew III, White, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.