Jesse G. v Mildred N. (2006 NY Slip Op 50820(U))

[*1]

Jesse G. v Mildred N.

2006 NY Slip Op 50820(U) [11 Misc 3d 1091(A)]

Decided on May 7, 2006

Family Court, Suffolk County

Lynaugh, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 7, 2006

Family Court, Suffolk County
Jesse G. and Donna G., Petitioners,
against
Mildred N., Danny N. and Daniel N., Respondents.
V-20XX7/78-05

Counsel for Petitioners
Jeanmarie P. Costello, Esq.
455 Griffing Avenue
Riverhead, New York 11901
Counsel for Daniel N.
Kevin G. McClancy, Esq.
Legal Aid Society of Suffolk County
889 East Main Street
Riverhead, New York 11901
Counsel for Respondents
Mildred N. and Danny N.
Catherine C. DeSanto, Esq.
431 Griffing Avenue
Riverhead, New York 11901
Law Guardian
Elizabeth A. Pfister, Esq.
P.O. Box 596
52 Red Bridge Road
Center Moriches, New York 11934

Barbara Lynaugh, J.
In this contested custody modification proceeding, respondents (custodial paternal grandparents) have moved, by notice of motion dated 3/29/06, for an order dismissing petitions, filed 12/22/05, in which the petitioners seek custody of the subject children, Danasia N., born 7/13/00, and Xavier N., born 1/16/03. Petitioners are unrelated to the children; respondents allege a lack of standing.
Having reviewed the moving papers (numbered 1 to 18), the affirmation of father's counsel in support of the motion (numbered 14-17), the papers in opposition (numbered 18 to 22), as well as the underlying proceedings herein, and upon due deliberation, the court finds as follows.
Paternal grandparents were granted custody of the children by order of this court (McElligot, J.H.O.), dated 11/25/03. Father Daniel N. was incarcerated at the time and charged with murdering his wife Tara N., the children's mother. Father was recently convicted, after trial, of second degree murder and is serving a 25 years to life sentence. Petitioners, friends of deceased mother, have brought this application alleging that continuing custody with the grandparents is not conducive to the children's mental health as the grandparents allegedly maintain that their son did not commit the murder.
Petitioners acknowledge that since their mother's death on 9/3/03, the children have resided with respondents. Petitioners have had no contact with the children since their father's conviction in late 2005.
Petitioners allege that they have a "warm and loving relationship" with the children and that the children have spent "periods of time with the natural mother's extended family, which includes the petitioners." Petitioner Donna G. was allegedly "raised as a sibling" with mother. Respondents now argue that this is an insufficient nexus upon which to establish standing to seek custody of the subject children. The court concurs.
Custody proceedings before the Family Court are brought pursuant to F.C.A. § 651(b). The statute contains no provision for who may initiate such a proceeding, as is the case with many of the other proceedings before the Family Court, including child protective proceedings, family offense proceedings, juvenile delinquency proceedings, and proceedings involving persons in need of supervision.
Non-parents have been granted standing to seek custody as against natural parents under certain "extraordinary circumstances," such as prolonged separation, persistent neglect, surrender, abandonment and unfitness. Bennett v. Jeffreys, 40 NY2d 543, 387 NYS2d 821 (1976), and its progeny. In all of these cases, there has been some severe caretaking lapses by the natural parent and an established familial relationship with the petitioning non-parent either through blood or marriage and, usually, through a period of actual child-rearing.
The Bennett cases are instructive, but they are not controlling. While respondent-father may be a party to this proceeding, he is incarcerated and, barring a reversal of his conviction, will [*2]remain so for the remainder of the children's minority. The actual respondents in interests are non-parents themselves, so the Bennett standard does not apply.
In Janet S.M.M. v. Commissioner of Social Services, 158 Misc 2d 851,
601 NYS2d 781 (Fam. Ct., Westchester Co., 1993) the girlfriend of the incarcerated father was denied standing to seek custody of a child who had been placed in foster care by her mother. The girlfriend had no prior contact with the child. The court held that "a person seeking custody of a child lacks standing to petition the court unless he or she can demonstrate some nexus to the child, including, but not limited to an interest in the child's welfare by virtue of a relationship by blood, marriage, legal obligation and/or the previous assumption of caretaking responsibilities."
In Roland F. v. Brezenoff, 108 Misc 2d 133, 436 NYS2d 934 (Family Ct., New York Co., 1981), mother's former boyfriend and neighbor petitioned for custody of the 17-year-old child who had been placed in foster care by her mother. The petitioner had assisted in the care of the subject child and the child had known the petitioner for 15 years, but the petitioner lived separately from the child and "no established family pattern ensued." The court held that "petitioner's relationship with the child, albeit supportive and commendable was, in truth, one of friendship and not of kinship." It was determined that petitioner lacked standing, the court finding "no relationship between petitioner and the child to justify a grant of relief."
Anonymous v. Olson, 112 AD2d 299, 491 NYS2d 745 (2d Dept., 1985), granted standing to friends of the murdered mother's family. Father was convicted of the mother's murder and was serving a 25 years to life term. Soon after the mother's murder, the 13-month-old twin girls had been taken into petitioners' home with the consent of the family. The petitioners commenced a custody proceeding, and the Department of Social Services moved to dismiss.
The court found that the petitioners had standing based on "the extraordinary factual circumstances involved in this case (i.e., the mother's death, the father's incarceration, and the apparent inability or unwillingness of relatives of the children to care for them) as well as the petitioners' obvious involvement with and concern for the children." (Emphasis added)
Given the outcome of the case, it is unlikely that standing would have been granted had the petitioners not been the children's actual caretakers or if there had been relatives of the children available to take custody of them. Finding the children to be "homeless, destitute and abandoned as defined under S.S.L.
§ 371(2),(3)(a),3(d), the court denied petitioners' application for exclusive custody, awarded custody to the Department, and placed the children with the petitioners.
In Luther v. Rate, 226 AD2d 803, 640 NYS2d 343 (3d Dept., 1996), the court denied standing to two sets of petitioners who sought custody of a child whose mother had been murdered a month after the child's birth. The child's putative father was charged with the murder. Before the mother's death, she and the child had lived with the petitioning Luthers. The Luthers cared for the child in the days following mother's death, when the child went to visit [*3]respondent-maternal grandmother and never returned. The second couple seeking custody were Carolus and Broeker, close friends of the mother. None of the petitioners were related to the child, although the court noted their "expressed concerns for the child."
The court found that "the facts do not reveal enough of a nexus between the child and petitioners so as to warrant their being granted standing to pursue custody of the child (cf., Anonymous v. Olson, supra ). Neither Carolus not Broeker have standing because they have no blood, marital, caretaking or social relationship with the child and, in effect, are strangers to her," citing Janet S.M.M., supra . "The Luthers did have full caretaking responsibilities for the child immediately after the mother's death, although for only a few days when the child was not more than five weeks old."
In the case at bar, the respondents are the paternal grandparents of the children who have had custody for 2½ years pursuant to an order of this court. Respondent father fully supports the continued custody of the children with his parents. While not binding on the court, father has a right to express his custodial preference, nothwithstanding the fact that he has been convicted of murdering the children's mother.
The petitioners are friends of the deceased mother who are unrelated to the children by either blood or marriage. While they have had a social relationship with the children as a part of some roughly defined "extended family," they have never had caretaking responsibilities for the children.
The children have been in the custody of their grandparents for an extended period of time, and the petitioners have never been involved in the care of the children. Given these facts, the court finds that petitioners have failed to demonstrate "extraordinary factual circumstances" sufficient to establish standing to seek custody. Anonymous v. Olson, supra .
While the court does not doubt the sincerity of the petitioners' concern for the children, there is simply not a sufficient nexus to the children present. There is no relationship by blood or marriage, no legal obligation, no assumption of caretaking responsibilities, and no residential family relationship. Luther v. Rate, supra ; Janet S.M.M., supra .; Roland F. V. Brezenoff, supra . 
In view of the foregoing, it is hereby
ORDERED, that respondents' motion is granted, and the petitions filed 12/22/05 are hereby dismissed.
Dated: May 7, 2006 
 BARBARA LYNAUGH
 JUDGE OF THE FAMILY COURT
[*4]