In the Matter of CARRIE B., Appellant, v JOSEPHINE B., Respondent. [916 NYS2d 275]—

McCarthy, J. Appeal from an order of the Family Court of Tompkins County (Sherman, J.), entered January 13, 2010, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for visitation with two children.

Petitioner is the biological mother of two children (born in 2000 and 2002). In 2005, in an order entered on her default, Family Court terminated petitioner's parental rights based upon her permanent neglect of the children (*see* Social Services Law § 384-b). In 2006, respondent, who is petitioner's adoptive mother, adopted the two children.[1] Three years later, petitioner commenced this proceeding seeking the right to visit with the children. Finding that petitioner lacked standing to bring this proceeding, Family Court dismissed her petition. She appeals, and we affirm.

Petitioner argues that she has standing both as the children's mother and as their adoptive sibling. As to the former contention, we note that once her parental rights were terminated following an adversarial proceeding in which she was found to have permanently neglected her children (*see* Social Services Law § 384-b), she no longer had the legal right to visit with them, nor did she have standing to commence a legal proceeding seeking such access (*see Matter of Alexa L. [Nilza L.]*, 79 AD3d 1290, 1293 [2010]; *Matter of Raine QQ.*, 51 AD3d 1106, 1107 [2008], *lv denied* 10 NY3d 717 [2008]; *Matter of Melissa DD.*, 45 AD3d 1219, 1221-1222 [2007], *lv denied* 10 NY3d 701 [2008]). "Upon a termination of parental rights in an adversarial proceeding due to a finding of permanent neglect, a biological parent loses not only physical custody but also 'the rights ever to visit, communicate with, or regain custody of the child' "

1. Family Court and this Court can take judicial notice of the 2005 order terminating petitioner's parental rights and the 2006 order approving respondent's adoption of the children, neither of which has been made part of this record (*see* CPLR 4511; *Matter of Benjamin v Benjamin*, 48 AD3d 912, 914 [2008]; *Matter of Anjoulic J.*, 18 AD3d 984, 987 [2005]).

(*Matter of Jessi W.*, 20 AD3d 620, 621 [2005], quoting *Santosky v Kramer*, 455 US 745, 749 [1982]). Thus, petitioner's status as biological mother did not give her standing to seek visitation after her parental rights were terminated and the children were adopted by respondent (*see* Domestic Relations Law § 117 [1] [a]; *Matter of John KK.*, 34 AD3d 1050, 1052 [2006]; *Matter of Morgaine JJ.*, 31 AD3d 931, 933 [2006]).

Regarding petitioner's contention that she has standing to seek visitation as the children's sister pursuant to Domestic Relations Law § 71,[2] we note that the statute does not confer automatic standing on siblings. Rather, a brother or sister may apply for visitation only "[w]here circumstances show that conditions exist which equity would see fit to intervene" (Domestic Relations Law § 71). Thus, assuming—without deciding—that petitioner, who is not the children's sister "by half or whole blood," could come within the statute by operation of Domestic Relations Law § 117 (1) (g),[3] she must still demonstrate that equitable circumstances exist that would provide standing.

When considering the same language in a similar statute (*see* Domestic Relations Law § 72 [grandparent visitation]), the Court of Appeals explained that a trial court's decision as to whether equitable circumstances exist to allow standing is a discretionary one, to be made after examination of the relevant facts (*see Matter of Emanuel S. v Joseph E.*, 78 NY2d 178, 182 [1991]). Only where equitable circumstances have been shown to exist can a court entertain such a petition and proceed to determine whether visitation is in the children's best interests (*see Matter of Waverly v Gibson*, 79 AD3d 897, 898 [2010]; *Matter of Seasia D. [Kareem W.]*, 75 AD3d 548, 551-552 [2010]; *Matter of Couse v Couse*, 72 AD3d 1231, 1232 [2010]; *Matter of Herbert PP. v Chenango County Dept. of Social Servs.*, 299 AD2d 780, 781-782 [2002]). Here, Family Court found dispositive the undisputed fact that petitioner's parental rights had been terminated based upon her permanent neglect of the children. We find no abuse of discretion in the court's reliance upon that circumstance in concluding that standing is precluded in this case (*cf. Matter of Clarabelle K. v Christman*, 225 AD2d 951, 952-953 [1996], *lv dismissed* 88 NY2d 959 [1996]). Nor are we persuaded that the court erred in deciding the matter without a

---

**2.** "Where circumstances show that conditions exist which equity would see fit to intervene, a brother or sister . . . by half or whole blood, . . . may apply to the family court [for visitation rights]" (Domestic Relations Law § 71).

**3.** "Adoptive children and birth children shall have all the rights of fraternal relationship" (Domestic Relations Law § 117 [1] [g]).

hearing. Notably, "a petitioner in a sibling visitation proceeding has no absolute right to a hearing" (*Matter of Gregston v Amatulli*, 273 AD2d 384, 384 [2000]). In this case, where the issue of petitioner's neglect was previously addressed in proceedings where she was a party and had an opportunity to be heard, no hearing was required.

In anticipation that we may deny her standing, petitioner alternatively argues that the statutory scheme deprives her of due process and is unconstitutional, because parents who voluntarily surrender their parental rights may seek posttermination visitation with their children (*see* Social Services Law § 383-c; *see also* Domestic Relations Law § 112-b; Family Ct Act § 1055-a), but a parent whose parental rights have been terminated by a judicial determination finding permanent neglect may not (*see* Social Services Law § 384-b). Specifically, petitioner claims that she was unfairly penalized for exercising her right to contest the claim that she permanently neglected her children and for refusing to voluntarily surrender her parental rights. However, petitioner's parental rights were terminated because she defaulted on the petition alleging permanent neglect, not because she challenged the allegations or refused to surrender her children. There is no indication that she refused an offer to surrender the children or was penalized for taking issue with the allegations of permanent neglect. On these facts, we cannot conclude that the statutory scheme, as applied to petitioner, violated her constitutional rights.

Cardona, P.J., Spain, Kavanagh and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.