◼ In the Matter of THOMAS X. and Others, Neglected Children. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MEGAN X., Respondent. WAYNE RR., Appellant. (Proceeding No. 1.) In the Matter of WAYNE RR., Appellant, v BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent, et al., Respondent. (Proceeding No. 2.) (And Another Related Proceeding.) [927 NYS2d 183]—

Rose, J.P.

When the Broome County Department of Social Services alleged that respondent Megan X. (hereinafter the mother) had violated the terms of Family Court's order directing her to ensure that her children (born in 1997, 2002 and 2003) have no contact with her boyfriend, Wayne RR. (hereinafter petitioner), who is a known sex offender, she surrendered her parental rights.* The mother had previously admitted to allegations of neglect after allowing unsupervised and inappropriate contact between petitioner and the children. Thereupon, petitioner commenced two proceedings seeking custody of the children. Finding that petitioner lacked standing, Family Court dismissed his petitions without a hearing. Family Court also granted a one-year order of protection in favor of the children against petitioner and denied his subsequent motion to vacate that order. He now appeals.

Inasmuch as petitioner has no biological relationship to the children, his standing to seek custody is determined under the common-law standard requiring the establishment of extraordinary factual circumstances (*see Matter of Bennett v Jeffreys*, 40 NY2d 543, 548 [1976]; *Matter of Luther v Rate*, 226 AD2d 803,

---

* This Court affirmed the order approving the judicial surrender of parental rights (*Matter of Thomas X. [Megan X.]*, 80 AD3d 832, 833 [2011], *lv denied* 16 NY3d 710 [2011]).

804 [1996]; *see also* Family Ct Act § 651 [b]). While we recognize that the mother's surrender, the absence of the biological fathers from the children's lives and the lack of any other suitable relative may normally be considered as extraordinary circumstances (*see e.g. Matter of Carolyn S. v Tompkins County Dept. of Social Servs.*, 80 AD3d 1087, 1088-1089 [2011]), we agree with Family Court that it would be antithetical here to grant standing in spite of the existence of the no contact order. The mother admitted neglect based, in part, on allowing petitioner, who has a history of exposing himself to children, to have unsupervised contact with the children, to sleep in the same bed with the male middle child and to shower and urinate in the toilet together with the oldest male child. Given the lack of any real factual dispute regarding petitioner's role in the circumstances leading to the mother's admission of neglect and the issuance of an order directing her to ensure that he have no contact with the children, we will not disturb Family Court's conclusion that he lacked standing to seek custody (*cf. Matter of Carrie B. v Josephine B.*, 81 AD3d 1009, 1010 [2011]).

Also, as the order of protection expired on March 16, 2011, petitioner's appeals with respect to it are moot (*see Matter of Olivia SS. [William TT.]*, 75 AD3d 800, 801 [2010]).

Malone Jr., Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the appeals from the orders entered April 14, 2010 and June 2, 2010 are dismissed, as moot, without costs. Ordered that the order entered March 10, 2010 is affirmed, without costs.