■ In the Matter of HANNAH U. and Another, Children Alleged to be Neglected. ATTORNEY FOR THE CHILDREN, Respondent; PATTI U., Appellant. (And Other Related Proceedings.) [974 NYS2d 149]—

Stein, J.P. Appeals from two orders of the Supreme Court (Lawliss, J.), entered January 18, 2011 and February 7, 2011 in Clinton County, which, among other things, granted petitioner's application, in a proceeding pursuant to Family Ct Act article 10, to adjudicate the subject children to be neglected.

Respondent and Dennis U. (hereinafter the father) are the parents of two children, Hannah U. and Lyric U. (born in 2005 and 2008, respectively) (hereinafter the subject children). Based on acts which occurred prior to his relationship with respondent, the father was convicted of various sex crimes and is a registered sex offender. Although respondent was aware of the father's status as a sex offender, she resided with him and allowed him to have unsupervised contact with Hannah and with respondent's two older children from a prior relationship.[1] This resulted in the commencement of neglect proceedings in 2007 against respondent and the father, in which they consented to, among other things, findings of neglect and orders of protection requiring that all contact between the father and Hannah be supervised. The order limiting the father's contact with Hannah expired in May 2008, after which the father recommenced living with respondent and the children for a period of time and the father was permitted to have unsupervised contact with the subject children. Respondent and the father subsequently separated and, in 2010, a neglect proceeding was commenced against respondent based upon her alleged use of excessive corporal punishment.[2] In connection with those proceedings, respondent agreed that the subject children would reside with the father.

In August 2010, petitioner commenced the instant proceedings pursuant to Family Ct Act article 10 alleging, as pertinent here, that the subject children were neglected by respondent and the father. As to respondent, the petition referenced the prior neglect proceedings, incorporated allegations regarding, among other things, the father's status as a sex offender and alleged that, by allowing the father to have extensive unsupervised

1. Lyric was not yet born.
2. That neglect petition is not a subject of this appeal.

and overnight visitation with the subject children and placing them in his physical custody, respondent exhibited flawed parental judgment, which placed the subject children at a risk of harm. After a combined fact-finding hearing on the petitions against respondent and the father, Supreme Court found, among other things, that the subject children were neglected by both parents; respondent and the father each appealed therefrom.[3] While respondent's appeal was pending, this Court reversed the neglect finding against the father (*Matter of Hannah U. [Dennis U.]*, 97 AD3d 908, 908-909 [2012]). Currently before us is respondent's appeal from the neglect finding against her, as well as the order of disposition entered thereon.[4]

The finding that respondent neglected the subject children must be reversed. Supreme Court's determination hinged upon its findings that the father is a sex offender who failed to adequately complete sex offender treatment, that his unrecovered alcoholism rendered him likely to reoffend and that respondent repeatedly allowed the subject children to spend unsupervised time with him, despite her knowledge of his history. However, in connection with the father's appeal, this Court noted that the father's status as a sex offender was insufficient to support a finding that he neglected the subject children and concluded that the other factors relied upon by Supreme Court in making a finding of neglect against him lacked a sound and substantial basis in the record (*id.* at 908-909).

Inasmuch as the finding of neglect against respondent was premised on her permitting the father to have unsupervised contact with the children, it would be completely illogical to conclude that the subject children's "physical, mental or emotional condition [had] been impaired or [was] in imminent danger of becoming impaired as a result of the failure of [respondent] . . . to exercise a minimum degree of care . . . in providing the child[ren] with proper supervision or guardianship" (Family Ct Act § 1012 [f] [i] [B]), when we previously determined that petitioner failed to prove that the father posed a risk of imminent danger to them (*Matter of Hannah U. [Dennis U.]*, 97 AD3d at 909). Thus, for the same reasons that led us

---

**3.** The petition against respondent also alleged that she neglected her older children. However, respondent does not challenge that part of Supreme Court's order that found she had neglected those children.

**4.** The dispositional order also resolved custody petitions filed by the maternal grandparents.

to reverse the finding of neglect as to the father,[5] we similarly conclude that petitioner failed to prove by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]) that respondent neglected the subject children as alleged in the petition (*see Matter of Afton C. [James C.]*, 17 NY3d 1, 9 [2011]).

McCarthy, Spain and Garry, JJ., concur. Ordered that the orders are modified, on the law, without costs, by reversing so much thereof as found that respondent neglected Hannah U. and Lyric U. and as ordered dispositions with respect to said neglect finding, and, as so modified, affirmed.

---

5. We also take judicial notice of a subsequent order of Family Court (Meyer, J.) which, among other things, awarded sole legal custody of the subject children to the father (*see Matter of Carrie B. v Josephine B.*, 81 AD3d 1009, 1009 n 1 [2011], *appeal dismissed* 17 NY3d 773 [2011]; *Matter of Chloe Q. [Dawn Q.—Jason Q.]*, 68 AD3d 1370, 1371 [2009]).