■ In the Matter of LAUREN K. CADE, Appellant, v TAWANDA ROBERTS et al., Respondents. [34 NYS3d 595]—

Appeal from an order of the Family Court, Nassau County (Conrad D. Singer, J.), dated November 25, 2014. The order, after a hearing, dismissed the petitioner's custody petition for lack of standing.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the matter is remitted to the Family Court, Nassau County, for a dispositional hearing to be held with all deliberate speed before a different judge to determine a custody award based upon the best interests of the subject child.

The subject child was born in June 2005, and is autistic. His mother died shortly after his birth, and paternity was never established. Initially, the child's maternal great-grandmother had custody. In August 2005, the petitioner, who has no family relationship to the child, moved in with the great-grandmother to help care for the child shortly after the child's birth. In November 2006, the petitioner moved out of the great-grandmother's home back to her own residence, with the child.

In 2008, the great-grandmother transferred custody to the child's maternal grandfather, the respondent Darron Roberts. After the grandfather was imprisoned in June 2009, his wife, the child's step-grandmother, the respondent Tawanda Roberts, was awarded joint legal custody and residential custody with him in an order dated October 20, 2009.

The petitioner continued to keep the child overnight at her residence even after the grandfather and step-grandmother (hereinafter together the respondents) obtained custody. Before the child started school, the step-grandmother's aunt watched the child during the day while the petitioner was at work. Once the child started kindergarten, the step-grandmother put the child on the bus in the morning and met the bus in the

afternoon, and her aunt would watch the child until the petitioner returned from work. The step-grandmother testified that she saw the child for two hours a day during the week, one hour in the morning, and one hour after school, and every other weekend. The respondents gave the petitioner the money they received from the child's Social Security benefits. The petitioner used this money to pay the aunt to watch the child.

This arrangement continued until April 2012, when the step-grandmother decided that the petitioner's services were no longer necessary. The petitioner then sought custody of the child. The Family Court held a hearing to determine whether extraordinary circumstances existed to confer standing upon the petitioner. The grandfather remained in prison throughout the course of the hearing. After the hearing, the court issued an order finding that extraordinary circumstances did not exist, and dismissed the petition for lack of standing. The petitioner appeals.

Although an individual who is unrelated to a child has no statutory right to seek custody (*see Matter of Luther v Rate*, 226 AD2d 803, 804 [1996]), a nonrelative may nevertheless be afforded standing to seek custody upon a showing of extraordinary factual circumstances (*see Matter of Goodale v Nash*, 36 AD3d 703 [2007]; *Matter of Anonymous v Olson*, 112 AD2d 299, 300 [1985]; *cf. Matter of Bennett v Jeffreys*, 40 NY2d 543, 545 [1976]). We conclude that, contrary to the determination of the Family Court, the evidence presented at the hearing compels a finding of "extraordinary circumstances" (*Matter of Bennett v Jeffreys*, 40 NY2d at 548; *see Matter of Anonymous v Olson*, 112 AD2d at 300). The petitioner sustained her burden of demonstrating extraordinary circumstances based upon, inter alia, the prolonged separation of the grandfather and the step-grandmother from the subject child, their lack of significant involvement in the child's life for a period of time, their failure to contribute to the child's financial support, and the strong emotional bond between the child and the petitioner (*see Matter of Culberson v Fisher*, 130 AD3d 827, 828 [2015]; *Matter of Jerrina P. [June H.—Shondell N.P.]*, 126 AD3d 980, 981 [2015]). Accordingly, since the evidence amply demonstrated the requisite "extraordinary circumstances" (*Matter of Bennett v Jeffreys*, 40 NY2d at 548), a hearing is required to determine a custody award based upon the best interests of the child (*see Matter of Male Infant L.*, 61 NY2d 420, 427 [1984]; *Matter of Bennett v Jeffreys*, 40 NY2d at 544).

The petitioner's remaining contention is improperly raised for the first time on appeal. Hall, J.P., Austin, Miller and Maltese, JJ., concur.