Matter of Justin D. v Cassandra R. (2024 NY Slip Op 05886)

Matter of Justin D. v Cassandra R.

2024 NY Slip Op 05886

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Renwick, P.J., Moulton, Friedman, Kapnick, Kennedy, JJ. 

Docket No. V-05698/22 Appeal No. 3129 Case No. 2024-01770 

[*1]In the Matter of Justin D., Petitioner-Respondent,
v
Cassandra R., Respondent-Appellant.

Kenneth M. Tuccillo, Hastings on Hudson, for appellant.
Law Office of Thomas R. Villecco, P.C., New York (Thomas R. Villecco of counsel), for respondent.
Karen Freedman, Lawyers for Children, Inc., New York (Shirim Nothenberg of counsel), attorney for the child.

Order, Family Court, New York County (Jacob K. Maeroff, R.), entered on or about March 8, 2024, which, after a hearing, granted petitioner's petition for sole legal and physical custody of the subject child, unanimously affirmed, without costs.
Family Court properly found that petitioner, who was not related to the subject child, established extraordinary circumstances (see Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). Petitioner consistently testified that respondent mother left the child in his care when the child was only four months old, along with a bag containing the child's identification information, and that the mother has had only sporadic contact with the child since then (see Matter of Michaellica Lee W., 106 AD3d 639, 640 [1st Dept 2013]; see also Matter of Cade v Roberts, 141 AD3d 583, 84 [2d Dept 2016]). Petitioner's unrebutted testimony establishes that he has since provided for all of the child's needs, financially and otherwise (see Matter of Cade, 141 AD3d at 585.). The mother did not seek to have the child returned to her care until nearly two and a half years after these proceedings began (see Matter of Michaellica Lee W., 106 AD3d at 640). There exists no basis to disturb the court's credibility determinations (see Matter of Caleesta S. [Daphne M.], 200 AD3d 504 [1st Dept 2021]).
The record supports the finding that it is in the child's best interest to be in petitioner's custody (see Matter of Ruth L. v Clemese Theresa J., 104 AD3d 554, 555 [1st Dept 2013], lv denied 21 NY3d 860 [2013]). The evidence establishes that petitioner has provided a safe and stable home for the child over the last several years (see Lenora D. v Richard J.R., 176 AD3d 432 [1st Dept 2019]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024