## (January 11, 1968)

■ NORMAN ARONSON, Appellant-Respondent, v. FLORENCE S. ARONSON, Respondent-Appellant.— Judgment unanimously modified by deleting therefrom the third and sixth paragraphs and, as so modified, affirmed, without costs. Matter remitted to the Supreme Court of Seneca County for further proceedings in accordance with the following Memorandum: The third ordering paragraph gives the defendant wife sole possession of a house owned by the parties as tenants by the entirety and described in the record as an "$80,000 house." The sixth ordering paragraph states that the obligation of the plaintiff to support the defendant should not be affected by the decree, but it fails to specify the amount to be paid thereunder nor does it refer to any previous order. It may be that it was intended that it should be considered with a previous order directing the payment of $50 a week as temporary alimony, but if it was intended that payments of $50 each week continue it should have been specifically so stated. A temporary decree would not survive the permanent decree unless it was specifically and clearly so stated as to amount and otherwise. (Haber v. Haber, 20 A D 2d 858; Mittman v. Mittman, 263 App. Div. 384.) There was little testimony taken as to the wife's financial condition. There was some testimony as to some securities she owned, but her complete financial situation was not disclosed. Furthermore, the testimony as to the husband's ability to pay was hazy. The court should have determined the complete circumstances of the case and of the respective parties before exercising discretion as to support generally (Domestic Relations Law, § 236; note of David D. Siegel, McKinney's Cons. Laws of N. Y., Book 14, Domestic Relations Law, p. 136, last par.) It appears that permitting the wife to have sole and exclusive possession of this large house while the plaintiff has custody and is liable for the support of his three sons, one of whom is in grade school and the other two in college, was disproportionate and not an exercise of a proper discretion. Perhaps the house should be sold if an advantageous sale could be made and the proceeds distributed equally after the contributions made by the respective parties at the time of purchase have been returned. However, the matter should be carefully and thoroughly reviewed and determined at a rehearing on the question of support only. (Appeal and cross appeal from judgment of Seneca Trial Term dismissing complaint and counterclaim in action for a separation.) Present — Williams, P. J., Bastow, Goldman, Henry and Marsh, JJ.