■ ARDITH ZIONCHECK, Respondent, v ROGER J. ZIONCHECK, Appellant. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered April 1, 1983 in Ulster County, which, inter alia, denied defendant's motion to modify a stipulation directing defendant to pay $200 a week for unallocated alimony and granted plaintiff's motion for a wage deduction order to enforce the stipulation. ¶ Plaintiff commenced an action for divorce against defendant in 1978. In April, 1979, she was awarded $125 a week for temporary alimony and child support. On December 31, 1979, a wage deduction order was granted because of defendant's default in making the required payments under the temporary order. At the time, defendant was employed as an executive with the International Business Machines Corporation (IBM). On January 11, 1982, plaintiff and defendant entered into a stipulation on the record to dispose of their pending matrimonial actions and to permit plaintiff to obtain a judgment of divorce by default. The stipulation provided that it was to be incorporated, but not merged, in the divorce decree. Under the stipulation, as incorporated in the decree, defendant was obliged, inter alia, to pay undifferentiated alimony of $200 a week and plaintiff was permitted to obtain a wage deduction order upon one week's default in payments. Defendant also agreed not to apply for a reduction in payments until he either reached the age of 65 or "los[t] his employment through no fault of his own, either through illness or otherwise". Despite defendant's attempt to be relieved of the stipulation, a judgment was entered thereon the following April. The judgment was affirmed on appeal (Zioncheck v Zioncheck, 99 AD2d 563). ¶ Subsequently, defendant brought the instant motion seeking a downward modification of support payments, forgiveness of arrears and rescission of the prior temporary wage deduction order, retroactive to the date of the stipulation. Plaintiff opposed and cross-moved for an order of counsel fees. She also applied for a new income deduction order based upon defendant's total nonpayment of the difference between the existing garnishment of $125 a week and the $200 a week required under the subsequent divorce decree. Special Term denied all of defendant's requests for relief except that it vacated, prospectively, the prior wage deduction order, substituting a new such order for $200 a week, and awarded plaintiff $500 in counsel fees. This appeal by defendant ensued. ¶ In our view, Special Term's summary denial of defendant's motion for a reduction in alimony payments was error. The stipulation, incorporated in the decree, permitted such an application if defendant lost his employment through no fault of his own. Defendant's moving affidavit avers that, because of his mental condition, he was totally unable to properly perform the duties of his employment and "it was either retire or collapse". He had previously been granted a medical leave of absence from IBM for this condition, as certified by a company physician. His psychiatrist, while not explicitly confirming the medical necessity for his terminating employment, did state that defendant's decision to retire arose out of his depression. While plaintiff, in her opposing affidavit,

opined that defendant's ulterior motive for retiring was to defeat her rights under the decree, and indeed such could be inferred from the history of defendant's persistent default, this did no more than create an issue of fact as to whether the termination of defendant's employment was voluntary or necessitated by mental illness. That question can only be resolved by an evidentiary hearing (CPLR 2218; *People v Gruden,* 42 NY2d 214, 215; *Kirkeby-Natus Corp. v Gevinson,* 33 AD2d 883). Therefore, the matter must be remitted for such a hearing. In view of this disposition, the propriety of awarding counsel fees and the fixing of arrears should abide a final determination of defendant's motion. ¶ Although ordinarily a wage deduction order to enforce a *pendente lite* order for alimony does not survive a final judgment disposing of the underlying action (see *Aronson v Aronson,* 29 AD2d 732), defendant was not prejudiced by Special Term's failure to vacate the deduction order retroactively to the date of judgment. Since defendant never complied with the alimony provisions of the judgment, the failure to cancel the order as of the date it was granted only served to reduce defendant's postjudgment arrears. It was also within the court's discretion to grant a new income deduction order (Personal Property Law, § 49-b). ¶ Order modified, on the law, without costs, by (1) reversing so much thereof as denied defendant's motion for a modification in the alimony awarded by the judgment of divorce and remitting the matter to Special Term for determination of said motion after an evidentiary hearing, and (2) vacating the award of counsel fees and of judgment for arrears, without prejudice to a renewal of the applications therefor upon final determination of defendant's said motion, and, as so modified, affirmed. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.