■ Barbara Strauss, Respondent, v Keith Ingber, Appellant. [617 NYS2d 334] —In a matrimonial action in which the parties were divorced by judgment dated February 27, 1987, the father appeals, as limited by his brief, from so much of an order of the Supreme Court, Orange County (Barone, J.), dated January 8, 1993, as denied his motion to reduce his child support obligations pursuant to the judgment of divorce. The appeal brings up for review so much of an order of the same court dated April 28, 1993, as, upon reargument, adhered to the original determination (see, CPLR 5517 [b]).

Ordered that the appeal from the order dated January 8, 1993, is dismissed, as that order was superseded by the order dated April 28, 1993, made upon reargument; and it is further,

Ordered that the order dated April 28, 1993, is affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appellant contends that it was improper for the Supreme Court to deny his request for a modification of his child support obligations without a hearing. We disagree, and therefore, affirm, but for a reason different than that stated by the Supreme Court.

It is axiomatic that a court may deny a motion without a hearing if the movant fails to present facts showing that there is a factual dispute requiring a hearing to resolve (see, People v Gruden, 42 NY2d 214; see also, Zioncheck v Zioncheck, 102 AD2d 957). The papers submitted by the appellant failed to make any showing that he is actually paying more than his agreed-upon 60% share of the children's expenses. The appellant also failed to demonstrate that the parties agreed to such a hearing without the need to make such a showing (cf., Kleinberg v Gershman, 116 AD2d 555). He thus failed to show that there was any factual dispute which required a hearing to resolve.

We have examined the parties' remaining contentions and find them to be either without merit or academic. Rosenblatt, J. P., O'Brien, Ritter and Florio, JJ., concur.