■ In the Matter of FRANCES GREGSTON, Appellant, v TRUDY AMATULLI, Respondent. (Matter No. 1.) In the Matter of FRANCES GREGSTON, Appellant, v JOSEPH AMATULLI, Respondent. (Matter No. 2.) [709 NYS2d 599] —In sibling visitation proceedings pursuant to Family Court Act article 6, the petitioner appeals from an order of the Family Court, Nassau County (Eisman, J.), entered May 14, 1999, which granted the motion of Bruce M. Loren, the Law Guardian, to prohibit the petitioner from having any contact or communication with her half-siblings, and dismissed the proceeding.

Ordered that the order is reversed, with costs, and the matter is remitted to the Family Court, Nassau County, for an evidentiary hearing and a determination of the petition in accordance herewith, to be held forthwith. In the interim, the petitioner shall continue not to have any contact or communication with her half-siblings.

In this proceeding the petitioner, Frances Gregston, sought visitation with her half-siblings, Theodore and Crystal, who have been adopted by their foster parents. The Law Guardian for Theodore and Crystal moved to prohibit Frances from having any contact with them based on information he received from the children's social workers and therapists that such contact would be detrimental to the welfare of the half-siblings.

The Family Court erred in failing to conduct a hearing under the circumstances presented. While it is true that a petitioner in a sibling visitation proceeding has no absolute right to a hearing (see, Domestic Relations Law § 71; see also, Matter of O'Hanlon v Cornelius, 213 AD2d 406; Strauss v Ingber, 208 AD2d 608), where, as here, there is a factual dispute as to the best interests of the petitioner's half-siblings, a hearing should be held (see, Matter of Agusta v Carousso, 208 AD2d 620; Mat-

*ter of Loretta D. v Commissioner of Social Servs. of City of N. Y.,* 177 AD2d 573).

Under the particular circumstances of this case, at the outset, the Family Court should determine whether the single representation of Theodore and Crystal by one Law Guardian creates any conflict, and whether separate Law Guardians should be appointed for each child.

We note that the record is not clear as to whether the Law Guardian was aware of his duties as set forth in Family Court Act § 241. Ritter, J. P., Santucci, Altman and Schmidt, JJ., concur.