Matter of Long v Donoghue (2018 NY Slip Op 08303)





Matter of Long v Donoghue


2018 NY Slip Op 08303


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-11147
 (Docket Nos. V-01536-17, V-01537-17, V-01538-17, V-01539-17)

[*1]In the Matter of Abigail Long, appellant, 
v
Francis Donoghue, et al., respondents.


Mark D. Stern, Goshen, NY, for appellant.
Ronna L. DeLoe, Larchmont, NY, attorney for the children.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the petitioner appeals from a corrected order of the Family Court, Orange County (Christine P. Krahulik, J.), entered October 12, 2017. The corrected order, without a hearing, denied the petition for sibling visitation and dismissed the proceeding.
ORDERED that the corrected order is affirmed, without costs or disbursements.
In April 2017, the petitioner commenced these proceedings for sibling visitation pursuant to Domestic Relations Law § 71. The Family Court, without a hearing, denied the petition and dismissed the proceeding. The petitioner appeals.
"Pursuant to Domestic Relations Law § 71, a sibling may commence a proceeding to seek visitation with a whole or half sibling who is under the care, custody, and control of a parent or other person or party" (Matter of Alexandra D. v Santos, 97 AD3d 746, 746). However, the statute does not confer automatic standing on siblings, as the statute requires that the "circumstances show that conditions exist which equity would see fit to intervene" (Domestic Relations Law § 71; see Matter of Carrie B. v Josephine B., 81 AD3d 1009, 1010). A "petitioner in a sibling visitation proceeding has no absolute right to a hearing" (Matter of Gregston v Amatulli, 273 AD2d 384, 384; see Matter of O'Hanlon v Cornelius, 213 AD2d 406).
 Here, the four subject children were in the sole physical and legal custody of their father. The petitioner is the mother's adult biological daughter and the half-sister of the subject children. On June 29, 2017, three months after the instant petition was filed, the Family Court issued a determination, after a hearing and after separate in camera interviews with each of the four children, on petitions filed by the father and mother. Among other things, the court terminated the mother's therapeutic parenting time, specifically finding that the children's emotional health would be further damaged if forced to continue to have court-ordered contact with the mother or the mother's family. By corrected order dated October 12, 2017, the court, relying upon its recent decision, denied the petition for sibling visitation without conducting an additional hearing. Under these circumstances, we agree with the court's denial of the petition and conclude that the petitioner's contention that a further hearing should have been held is without merit as there were no unresolved factual issues to be determined (see Matter of O'Hanlon v Cornelius, 213 AD2d 406).
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court