Matter of Williams v Jenkins (2018 NY Slip Op 08491)





Matter of Williams v Jenkins


2018 NY Slip Op 08491


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-07142
 (Docket Nos. V-456-12/15B, V-457-12/15C/15D)

[*1]In the Matter of Trischa Williams, respondent,
v
Claude Jenkins, appellant.


Russell A. Bloch, Brooklyn, NY, for appellant.
Carol Lipton, Brooklyn, NY, for respondent.
Karen P. Simmons, Brooklyn, NY (Rachel J. Stanton and Janet Neustaetter of counsel), attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Esther M. Morgenstern, J.), dated March 3, 2016. The order, without a hearing, granted the mother's petition for sole legal and physical custody of the subject child and for permission to relocate with the child to Illinois, and suspended the father's parental access with the child.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a hearing on the mother's petition before a different Justice, and a new determination thereafter; and it is further
ORDERED that pending a hearing and new determination of the petition, the Supreme Court shall expeditiously establish a new parental access schedule for the father, and the provisions of the order entered March 3, 2016, pertaining to the child's relocation shall otherwise remain in effect.
The parties are unmarried and have one child together. In an order dated May 21, 2014, the Supreme Court awarded the parties joint legal custody of the child with physical custody to the mother and parental access to the father. The order provided that neither parent could relocate with the child outside the five boroughs of New York City or the State of New Jersey without the written consent of the other parent and the establishment of a mutually agreeable post-relocation parental access schedule. In the absence of such an agreement, the order required court approval to relocate with the child.
In June 2015, the mother petitioned to relocate with the child to Illinois. Over a series of court appearances, the court declined to permit the mother to temporarily relocate to Illinois with the child, stating that a hearing was necessary. The father contends that the mother relocated with the child to Illinois without obtaining prior court approval.
Prior to a scheduled court appearance on March 3, 2016, the father purportedly [*2]appeared at the courthouse and, inter alia, screamed and used inappropriate language at courthouse staff. Without conducting a hearing, the Supreme Court immediately entered an order awarding the mother sole legal and physical custody of the child, and permission to relocate with the child to Illinois. The order further provided that, "due to the father's disruptive and obstreperous behavior in the court room, having cursed at court personnel . . . all [of the father's parental access is] suspended." The order provided that the father could petition for parental access upon completion of a drug treatment program. The father appeals. We reverse.
"Modification of an existing custody arrangement is permissible only upon a showing that there has been a change in circumstances such that a modification is necessary to ensure the continued best interests and welfare of the child" (Matter of Ross v Ross, 96 AD3d 856, 857 [internal quotation marks omitted]). "The interests of the children are always paramount and the rights of their parents must, in the case of conflict, yield to that superior demand" (S.L. v J.R., 27 NY3d 558, 563 [internal quotation marks omitted]). Where a custodial parent seeks to relocate over the objection of the non-custodial parent, the court must consider each relocation request "on its own merits with due consideration of all the relevant facts and circumstances and with predominant emphasis being placed on what outcome is most likely to serve the best interests of the child" (Matter of Tropea v Tropea, 87 NY2d 727, 739). "In the end, it is for the court to determine, based on all of the proof, whether it has been established by a preponderance of the evidence that a proposed relocation would serve the child's best interests" (id. at 741).
Although "[a] parent seeking a change of custody is not automatically entitled to a hearing" (Gentile v Gentile, 149 AD3d 916, 918), "custody determinations should [g]enerally' be made only after a full and plenary hearing and inquiry'" (S.L. v J.R., 27 NY3d at 563, quoting Obey v Degling, 37 NY2d 768, 770). "This general rule furthers the substantial interest, shared by the State, the children, and the parents, in ensuring that custody proceedings generate a just and enduring result that, above all else, serves the best interest of a child" (S.L. v J.R., 27 NY3d at 563). "When the allegations of fact in a petition to change custody are controverted, the court must, as a general rule, hold a full hearing" (Matter of Laureano v Wagner, 149 AD3d 745, 745 [internal quotation marks omitted]).
Here, the record does not demonstrate that there were no unresolved factual issues so as to render a hearing unnecessary (see S.L. v J.R., 27 NY3d at 563; cf. Matter of Long v Donoghue, _____ AD3d _____, 2018 NY Slip Op 08303 [2d Dept 2018]). Rather, it appears that the order "serve[d] more as a punishment to the [father] for h[is] misconduct than as an appropriate custody award in the child[ ]'s best interests" (Matter of John A. v Bridget M., 16 AD3d 324, 337). Accordingly, the matter must be remitted to the Supreme Court, Kings County, for a hearing on the mother's petition, and a new determination thereafter. Under the circumstances of this case, we deem it appropriate that the hearing and any further proceedings in this matter take place before a different Justice. Pending the hearing and new determination on the mother's petition, the court shall expeditiously establish a parental access schedule for the father (see Ekstra v Ekstra, 49 AD3d 594, 595).
The father's remaining contention is not properly before us on this appeal.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court