■ In the Matter of DAVID C. KING, Appellant, v CHRISTINE M. KING, Respondent. [765 NYS2d 119] —Appeal from an order of Family Court, Oswego County (Martusewicz, J.), entered May 16, 2001, which dismissed the petition without prejudice and deferred jurisdiction over all of the matters alleged in the petition to the State of California to be litigated as part of the pending divorce action in that state.

It is hereby ordered that said appeal from the order insofar as it dismissed the petition be and the same hereby is unanimously dismissed and the order insofar as it deferred jurisdiction to the State of California is vacated without costs.

Memorandum: Petitioner commenced this proceeding seeking modification of a child support order to zero and alleging, inter alia, that respondent was interfering with petitioner's visitation rights. When neither party appeared at the initial court proceeding, Family Court dismissed the petition, stating on the record that the dismissal was "for failure to prosecute, without prejudice." The court also stated that dismissal of the petition would allow petitioner to litigate any issues of custody and support in the courts of California, where a divorce action was pending. Finally, the court added that it was "deferring jurisdiction on both * * * the custodial interference and * * * the modification issue[s] to the California Court."

Thereafter, the court granted an order that provided only

that the dismissal of the petition was "on the basis of judicial economy" and ordered that jurisdiction over all of the matters alleged therein, including the issue of "visitational interference," be "deferred to the State of California." The order did not indicate that the dismissal was for failure to prosecute.

Where there is a conflict between a decision and order, the decision controls, and the order is modified to conform to the decision (*see Matter of Edward V.*, 204 AD2d 1060, 1061 [1994]; *see also Matter of Subpoenas Duces Tecum Served by N.Y. State Dept. of Health Bd. for Professional Med. Conduct*, 292 AD2d 847, 847-848 [2002]; *Wills v Wills*, 283 AD2d 1023, 1024 [2001]). That principle applies where, as here, the order omits a determination made by the court in its decision (*see Savings Bank of Utica v Valley Plaza Assoc.*, 255 AD2d 974 [1998]; *Matter of Quentin L.*, 231 AD2d 890, 890-891 [1996]). Thus, inasmuch as the order was granted on petitioner's default, it is not appealable (*see* CPLR 5511; *Matter of Joei R.*, 302 AD2d 334, 335 [2003]).

We vacate that part of the order wherein the court sua sponte ordered that jurisdiction over all of the matters alleged in the petition be deferred to the State of California. The petition, brought under article 4 of the Family Ct Act, sought modification of child support. Pursuant to the Uniform Interstate Family Support Act (Family Ct Act art 5-B), New York retains continuing exclusive jurisdiction over support orders where, as here, New York remains the residence of, among others, the obligor (*see* § 580-205 [a] [1]), unless the parties have consented to transfer exclusive jurisdiction to another state (*see* § 580-205 [a] [2]). Here, petitioner has not consented to transfer jurisdiction over this matter to California; indeed, he has affirmatively sought to invoke the jurisdiction of the New York courts. Present—Pine, J.P., Hurlbutt, Scudder and Hayes, JJ.