In the Matter of GINO Z. and Another, Infants. ALBERT Z., Appellant; CHEMUNG COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [771 NYS2d 735]—

Mercure, J. Appeal from an order of the Family Court of Chemung County (Hayden, J.), entered May 22, 2002, which, upon reconsideration, dismissed petitioner's application, in a proceeding pursuant to Social Services Law § 383-c, for modification of written judicial instruments of surrender of parental rights.

In July 1999, petitioner executed two judicial instruments of surrender of his parental rights to his two children. After engaging in a lengthy colloquy with petitioner to ensure that he understood his rights and the consequences of executing the surrenders, Family Court approved the instruments and placed the children in the custody of respondent. Subsequently, respondent transferred custody of the two children back to their mother.

Thereafter, petitioner filed a petition seeking to modify the prior Family Court orders, requesting custody of his children or visitation with them. Following Family Court's dismissal of his petition for modification, petitioner moved for reargument. He claimed that he did not knowingly and voluntarily execute the surrender of his parental rights and, in the alternative, that such surrender was conditioned upon the adoption of the chil-

dren, rather than an award of custody to their mother. Petitioner claimed that this condition was not met because custody of the children was transferred to their mother. Family Court granted the motion to reargue and adhered to its dismissal of the petition for modification. Petitioner appeals and we now affirm.

A surrender of parental rights "becomes final and irrevocable immediately upon its execution and acknowledgement . . . [and], in the absence of fraud, duress or coercion, no action may be maintained by the surrendering parent to revoke or annul the surrender agreement" (*Matter of Amanda B.*, 206 AD2d 636, 636-637 [1994]; *see* Social Services Law § 383-c [6] [d]; *Matter of Lester MM.*, 238 AD2d 627, 627 [1997]). Here, petitioner does not claim that his execution of the surrenders was induced by fraud, duress or coercion. Moreover, despite petitioner's assertions to the contrary, the record reveals that he voluntarily executed the surrenders with a full understanding of their gravity and irrevocability. Indeed, petitioner stated on the record that he had the opportunity to discuss the surrenders with his attorney and that he was fully aware that he retained the absolute right not to sign the surrender instruments. Further, petitioner's argument that the surrenders contained a condition that his children would be adopted and that custody would not be awarded to their mother is belied by the express language of those instruments, as well as petitioner's assertion before Family Court that he hoped his execution of the surrenders would return the children to their mother.

We have considered petitioner's remaining arguments and conclude that they are either meritless or rendered academic by our decision.

Cardona, P.J., Peters, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, without costs.