■ In the Matter of DAVID CHARLES KING, Appellant, et al., Petitioner, v CHRISTINE M. KING, Respondent. [790 NYS2d 339]—

Appeal from an amended order of the Family Court, Oswego County (James M. Metcalf, A.J.), entered November 22, 2002 in a proceeding pursuant to Family Ct Act article 6. The amended order dismissed the petition without prejudice for lack of jurisdiction.

It is hereby ordered that said appeal insofar as it concerns petitioner Matthew Warren King be and the same hereby is unanimously dismissed and the amended order is affirmed without costs.

Memorandum: David Charles King (petitioner) and respondent are the parents of two children of whom respondent has had sole custody since 1994 (*see Matter of King v King*, 216 AD2d 962 [1995]). Pursuant to a stipulated order entered in

June 1996, respondent relocated with the children to Arizona. In August 1996, respondent relocated to California with the children, and petitioner sought custody of the children. By order entered June 9, 1997, Family Court denied a petition seeking modification of custody and granted respondent permission to stay in California with the children. The court also ordered that California have jurisdiction in all future matters. We modified that order by vacating the ordering paragraph that attempted to transfer jurisdiction to California on future matters, holding that "the issue of jurisdiction in future proceedings must await an actual controversy" (*Matter of King v King*, 251 AD2d 1028, 1029 [1998]).

Petitioner then filed a petition seeking a modification of child support based on allegations of "visitational interference." In its decision, the court stated that it was dismissing the petition based on petitioner's failure to prosecute; however, in its order, the court wrote that it was dismissing the petition based on issues of judicial economy and ordered that jurisdiction over all matters alleged in the petition be "deferred to the State of California." We dismissed the appeal insofar as it dismissed the petition because it was from an order entered on default, but also vacated that part of the order deferring jurisdiction to California (*Matter of King v King*, 309 AD2d 1207, 1208 [2003]). Because petitioner sought to modify child support, the issue of jurisdiction was governed by the Uniform Interstate Family Support Act (Family Ct Act art 5-B). Under that statute, New York retains jurisdiction over support issues where, as here, New York remained the residence of, inter alia, the obligor (*see* § 580-205 [a] [1]) and the parties did not consent to transfer jurisdiction to another state (*see* § 580-205 [a] [2]).

Our holding in *King* (309 AD2d 1207 [2003]) does not control our decision on this appeal because, in the petition underlying this appeal, petitioner sought visitation with and custody of the children. Those issues are governed by the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) inasmuch as the petition was filed after the UCCJEA was enacted by New York (Domestic Relations Law art 5-A). Pursuant to the UCCJEA, a New York court that issued the initial custody determination retains exclusive, continuing jurisdiction until either "a court of this state determines that neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships;" or "a court of this state or a court of another state determines

that the child, the child's parents, and any person acting as a parent do not presently reside in this state" (§ 76-a [1] [a], [b]). Although petitioner resides in this state, we conclude that the court lacks jurisdiction over the petition because the relationship between petitioner and the children has become "so attenuated that a court could no longer find significant connections and substantial evidence" (*Ruth v Ruth*, 32 Kan App 2d 416, 421, 83 P3d 1248, 1254 [2004]; *see* Uniform Child Custody Jurisdiction and Enforcement Act [1997] § 202, Comment, 9 ULA [part 1A] 674 [1999]). The children have resided in California since 1996 and no visitation has occurred since October 1997. Based on the complete absence of the children from this state for a period of approximately seven years, we conclude that "jurisdiction . . . no longer exist[s]" (Uniform Child Custody Jurisdiction and Enforcement Act [1997] § 202, Comment, 9 ULA [part 1A] 674 [1999]; *cf. In re Forlenza*, 140 SW3d 373, 376-377 [Tex 2004]; *Fish v Fish*, 266 Ga App 224, 226-227, 596 SE2d 654, 655 [2004]; *Ruth*, 32 Kan App 2d at 421-422, 83 P3d at 1254; *compare Vernon v Vernon*, 100 NY2d 960, 972 [2003]).

In any event, even if jurisdiction existed under Domestic Relations Law § 76-a, we would conclude that the court did not abuse its discretion in declining to exercise such jurisdiction under section 76-f (*see e.g. In re Custody of N.G.H.*, 322 Mont 20, 23-24, 92 P3d 1215, 1217 [2004]; *Ruth*, 32 Kan App 2d at 423, 83 P3d at 1255).

We decline to address the dismissal of the petition insofar as petitioner's son from a prior marriage sought visitation with his half-siblings (*see* Domestic Relations Law § 71). The son, who is an adult, has not appealed and petitioner is not aggrieved by that part of the order dismissing that part of the petition (*see* CPLR 5511). Finally, we conclude that the court properly declined to address petitioner's allegations that respondent violated "Penal Law § 240.55 (3) [*sic*]." Crimes are prosecuted by a district attorney and Family Court lacks jurisdiction to address criminal charges (*see* CPL 10.10, 100.05). Present—Pigott, Jr., P.J., Green, Pine, Gorski and Lawton, JJ.