■ In the Matter of JOHN L. ZIPPO, Appellant, v JENNIFER ZIPPO, Respondent. (And Another Related Proceeding.) [837 NYS2d 771]—

Rose, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered July 14, 2006, which, dismissed petitioner's applications, in two proceedings pursuant to Family Ct Act article 6, for, inter alia, modification of a prior order of custody.

The parties stipulated to a February 2000 Family Court order providing petitioner with three days of visitation with the parties' child (born in 1995) each year at the correctional facility where petitioner is incarcerated. That summer, respondent and the child relocated to California, where they have since resided, returning to New York once each year to provide petitioner with his three days of visitation. On June 22, 2006, petitioner commenced these violation and modification proceedings. Determining that it no longer had jurisdiction over the parties' custody

disputes, Family Court dismissed the petitions. Petitioner appeals.

Domestic Relations Law § 76-a provides, in pertinent part, that jurisdiction of a custody matter continues until "a court of this state determines that neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76-a [1] [a]). Here, petitioner concedes that respondent and the child have not lived in New York since the summer of 2000, they return here only for a three-day visit each year and New York is not the child's home state. Nor is there any allegation of evidence available in this state concerning the child's care, protection, training and personal relationships.* Accordingly, Family Court's determination that it lacks jurisdiction is fully supported by the record (*see Matter of King v King*, 15 AD3d 999, 1000-1001 [2005]; *Matter of Weyant v Barnett*, 302 AD2d 801, 802 [2003]; *Matter of Persaud v Persaud*, 293 AD2d 480, 481 [2002]; *Matter of Swain v Vogt*, 206 AD2d 703, 705 [1994]; *compare Vernon v Vernon*, 100 NY2d 960, 972-973 [2003]). Nor is there merit to petitioner's contention that, in 2006, Family Court had jurisdiction to make an initial determination under Domestic Relations Law § 76 or to modify its prior decision pursuant to section 76-a (2).

Finally, although petitioner has submitted a copy of an order of the Superior Court of California issued shortly after respondent's relocation there and holding that it had no jurisdiction to modify a New York custody order, we note that there is nothing in the California order or the record to preclude jurisdiction in California now. On this point, respondent has submitted a copy of an order issued by the Superior Court of California on January 9, 2007 which asserts jurisdiction over custody and visitation of the child. Thus, it is clear that Family Court's ruling did not leave petitioner without a forum to adjudicate his claims (*cf.* Domestic Relations Law § 76 [1] [d]).

Cardona, P.J., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.

---

* While petitioner's brief alleges that the child has relatives living in New York, no such claim was made to Family Court and we cannot consider factual allegations that are not included in the record on appeal (*see Gagen v Kipany Prods.*, 289 AD2d 844, 845 [2001]; *Matter of D.B.S. Realty v New York State Dept. of Envtl. Conservation*, 201 AD2d 168, 173 [1994]).