█ In the Matter of CHRISTINA RR. and Another, Children Alleged to be Permanently Neglected. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; LEONARD RR., Appellant, et al., Respondent. [903 NYS2d 573]—

Stein, J. Appeal from an amended order of the Family Court of Broome County (Connerton, J.), entered May 8, 2009, which, in a proceeding pursuant to Social Services Law § 384-b, among other things, approved respondent Leonard RR.'s judicial surrender of his parental rights to Christina RR.

Respondent Leonard RR. (hereinafter the father) and respondent Laura SS. (hereinafter the mother) are the parents of three daughters—Christina RR. (born in 2005), Cheyenne RR. (born in 2006) and Ryoko RR. (born in 2007). In November 2007, Family Court adjudged all three children to be permanently neglected by the father and the mother. Rather than terminating their parental rights, Family Court suspended judgment (*see* Family Ct Act §§ 631, 633) and approved a permanency plan of reunification with the parents that was to expire on November 14, 2008. In October 2008, petitioner filed an order to show cause and verified petition seeking to terminate the suspended judgment. Family Court signed the order to show cause on November 14, 2008 and it was served on the parents' attorneys on November 18, 2008.

In March 2009, Family Court denied the parents' motions to dismiss petitioner's application to terminate the suspended judgment and entered a permanency order continuing the place-

ment of all three children with petitioner, with a permanency plan of reunification with the parents pending the outcome of the application to terminate the suspended judgment. Soon thereafter, the parents each executed a judicial surrender with respect to Christina, and petitioner agreed to an extension of the suspended judgment for Cheyenne. The father now appeals from the order approving his judicial surrender.

We affirm. The crux of the father's argument is that he was coerced into executing the judicial surrender as to Christina as a result of Family Court's improper denial of his motion to dismiss petitioner's application to terminate the suspended judgment. To begin with, we find no merit to the father's various challenges to such denial. As to the father's contention that petitioner's application was defective because it was accompanied by a verified petition and not by an affidavit, we note that the petition was verified by a person acquainted with the facts and circumstances of the matter and contained all of the required information (*see* 22 NYCRR 205.50 [d] [2]; *see generally* Family Ct Act § 633 [e]). Thus, the fact that it was not called an affidavit did not prejudice the father and was, at most, a technical defect which Family Court was free to disregard (*see* CPLR 2001). Nor are we persuaded that service of the order to show cause was flawed. Our review of the record reveals that service was effected in accordance with the directives set forth in the order to show cause (*see generally* Family Ct Act § 633 [e]; 22 NYCRR 205.50 [d] [3]) and that the father received timely notice of the application.

Additionally, we are unpersuaded that the father's surrender of his parental rights with regard to Christina was the product of any impropriety. Family Court read the required warnings and the provisions of the surrender to the father prior to its execution. At the time the father executed the judicial surrender, he was represented by counsel and he indicated to the court that he understood the finality of the surrender, that he had adequate opportunities to consult with counsel and others and that he understood the available alternatives. Under all the circumstances surrounding respondent's execution of the surrender, we find no evidence of fraud, coercion or duress that would warrant its rescission (*see Matter of Gino Z.*, 4 AD3d 631, 632 [2004]).

The father's remaining contentions have been considered and found to be unavailing.

Peters, J.P., Rose, Malone Jr. and McCarthy, JJ., concur. Ordered that the amended order is affirmed, without costs.