■ In the Matter of THOMAS X. and Others, Neglected Children. BROOME COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; MEGAN X., Appellant. [914 NYS2d 400]—

Peters, J.P. Appeals from three orders of the Family Court of Broome County (Pines, J.), entered March 8, 2010, which, in a proceeding pursuant to Family Ct Act article 10, approved respondent's judicial surrender of her parental rights to her three children.

In April 2009, respondent admitted to neglecting her three children (born in 1997, 2002 and 2003). She was ordered to, among other things, complete and benefit from parenting and codependency counseling classes and ensure that the children have no contact with her paramour, a known sex offender. Thereafter, by order to show cause, petitioner alleged that respondent violated the terms of those orders. On the return date, respondent appeared before Family Court with counsel and executed judicial instruments of surrender of her parental rights to her three children. Respondent now appeals from the orders approving the judicial surrenders.

We affirm. "A surrender of parental rights 'becomes final and irrevocable immediately upon its execution and acknowledgement . . . [and], in the absence of fraud, duress or coercion, no action may be maintained by the surrendering parent to revoke or annul the surrender agreement' " (*Matter of Gino Z.*, 4 AD3d 631, 632 [2004], quoting *Matter of Amanda B.*, 206 AD2d 636, 636-637 [1994]; *see* Social Services Law § 383-c [6] [d]; *Matter of Lester MM.*, 238 AD2d 627 [1997]). Here, respondent makes no claim that her execution of the surrenders was procured by fraud, duress or coercion. Furthermore, our review of the record discloses that she "voluntarily executed the surrenders with a full understanding of their gravity and irrevocability" (*Matter of Gino Z.*, 4 AD3d at 632; *see Matter of Amanda B.*, 206 AD2d at 636-637). Upon appearing with counsel and after being granted a recess to confer further with her attorney, respondent indicated her desire to surrender the children and Family Court proceeded to recite the statutory warnings and provisions of the surrenders. Respondent expressed her understanding of the legal consequences of the surrenders, affirmed that she was doing so voluntarily and stated that she had not been pressured to

surrender her children. Accordingly, we find no basis in the record for rescission of the judicial surrenders.*

Nor was respondent deprived of the effective assistance of counsel. Counsel cannot be deemed ineffective for seeking a recess, rather than an adjournment, before allowing respondent to proceed with the surrenders, particularly since counsel had already discussed the surrenders with respondent prior to the hearing and nothing in the record casts doubt upon respondent's understanding of the ramifications of her surrenders. Nor has respondent demonstrated that there was no legitimate reason for counsel's failure to secure a conditional surrender agreement (*see Matter of Leo UU.*, 288 AD2d 711, 713 [2001], *lv denied* 97 NY2d 609 [2002]; *Matter of James HH.*, 234 AD2d 783, 785 [1996], *lv denied* 89 NY2d 812 [1997]). Upon our review of the record as a whole, we conclude that respondent received meaningful representation (*see generally Matter of Ashley L.*, 22 AD3d 915, 917 [2005]; *Matter of Matthew C.*, 227 AD2d 679, 682-683 [1996]).

Rose, Lahtinen, Kavanagh and Egan Jr., JJ., concur. Ordered that the orders are affirmed, without costs.

---

* Respondent submitted an affidavit with her appellate brief wherein she states that she was unaware of the consequences of surrendering her children. These assertions—which contradict the unequivocal statements she made to Family Court—are outside the record and cannot be considered for the first time on appeal (*see Matter of Zippo v Zippo*, 41 AD3d 915, 916 n [2007]; *Matter of Nicholas GG.*, 285 AD2d 678, 679 [2001]). Contrary to respondent's contention, the record is sufficient to permit resolution of the issues raised on appeal and does not require supplementation (*compare Matter of Michael B.*, 80 NY2d 299, 318 [1992]).