# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**830.1**
**CAF 10-01379**
PRESENT: SMITH, J.P., CENTRA, CARNI, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF KELLY A. MAIDA,
PETITIONER-APPELLANT,

V                                                MEMORANDUM AND ORDER

JOHN CAPRARO, RESPONDENT-RESPONDENT.

---

KELLY A. HOBAICA, PETITIONER-APPELLANT PRO SE.

---

Appeal from an order of the Family Court, Herkimer County (Anthony J. Garramone, J.H.O.), entered April 27, 2010 in a proceeding pursuant to Family Court Act article 6. The order granted the motion of respondent to dismiss the petition.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother commenced this proceeding alleging that respondent father was in violation of a prior order pursuant to which the parties had joint custody of their youngest child, with the mother having primary physical custody. According to the mother, the father violated the order by keeping the child in South Carolina and refusing to allow the mother to bring her to New York. Family Court properly granted the father's motion to dismiss the petition for lack of jurisdiction. Where a court of this state has made an initial custody determination, it has "exclusive, continuing jurisdiction over the determination until . . . [, inter alia,] a court of this state determines that neither the child, the child and one parent, nor the child and a person acting as a parent have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76-a [1] [a]; *see Matter of Gulyamova v Abdullaev*, 53 AD3d 489). Here, the parties and the child moved to South Carolina in 2007, and the father, with the mother's consent, has had primary physical custody of the child since December 2007. The mother did not move back to New York until approximately the time she filed the violation petition in February 2010. We thus conclude that the child did not have "a significant connection with New York, and substantial evidence was no longer available in New York" concerning, inter alia, her care (*Gulyamova*, 53 AD3d at 490; *see Matter of Felicia McM. v Jerrold L.W.*, 51 AD3d 501; *Matter of Zippo v Zippo*, 41 AD3d 915, 916).

Entered:  July 1, 2011                          Patricia L. Morgan
                                                Clerk of the Court