■ In the Matter of CHASITY O., a Child Alleged to be Permanently Neglected. RENSSELAER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DOUGLAS O., Appellant. [978 NYS2d 435]—

Lahtinen, J.

Respondent is the father of a child born in 2009, and he has been incarcerated since 2009 for assault in the first degree as a result of stabbing the child's mother when she was over eight months pregnant. Petitioner commenced this permanent neglect proceeding against him. On the day the fact-finding hearing was scheduled to commence, respondent executed a conditional judicial surrender of his parental rights before Family Court, which acknowledged and then approved the surrender (*see* Social Services Law § 383-c [3]). Respondent now appeals contending that he was under duress and coercion when he executed the judicial surrender.

"A surrender of parental rights becomes final and irrevocable

immediately upon its execution and acknowledgment . . . [and], in the absence of fraud, duress or coercion, no action may be maintained by the surrendering parent to revoke or annul the surrender agreement" (*Matter of Thomas X. [Megan X.]*, 80 AD3d 832, 833 [2011], *lv denied* 16 NY3d 710 [2011] [internal quotation marks and citations omitted]; *see Matter of Gino Z.*, 4 AD3d 631, 632 [2004]; *Matter of Amanda B.*, 206 AD2d 636, 636-637 [1994]). Respondent appeared with counsel and, before the documents were signed, Family Court went over the terms of the surrender with respondent and informed him of his various rights, as well as the consequences of signing the documents. Respondent acknowledged that he understood Family Court's warnings, he was permitted to consult with his counsel and he confirmed that he had ample time to do so. He stated that he was not under the influence of any substance affecting his mental capacity and, when specifically asked if anyone was forcing or coercing him to sign, he responded, "No." The record reveals that respondent was fully informed of his rights, as well as the gravity and irrevocability of his decision, and that he freely and knowingly executed the surrender.

Peters, P.J., Stein and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.