In related proceedings, in effect, pursuant to Social Services Law § 383-c for visitation, the mother appeals from an order of the Family Court, Suffolk County (Freundlich, J.), dated January 22, 2013, which, without a hearing, in effect, denied her petition to revoke a surrender agreement.
Ordered that the order is reversed, on the law, with costs, the petition is reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.
The mother commenced this proceeding to revoke an agreement surrendering her two children to their great aunt and uncle. The mother alleged, inter alia, that at the time she executed the surrender agreement she was 17 years old, under the influence of drugs, and unrepresented by counsel. Accepting the allegations in the petition as true, and affording the mother the benefit of every possible favorable inference (see Leon v Martinez, 84 NY2d 83, 87 [1994]), she has sufficiently alleged that she was under duress at the time she executed the surrender agreement (see Social Services Law § 383 [6] [d]; cf. Matter of Robert Jordan G. [Robert D.], 97 AD3d 576 [2012]; Matter of Gino Z., 4 AD3d 631, 632 [2004]). Accordingly, the Family Court should not have, in effect, summarily denied the petition, and the matter must be remitted to the Family Court, Suffolk County, for further proceedings on the petition.
Dickerson, J.E, Chambers, Austin and Sgroi, JJ., concur.