*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 2, 2015                    518525
_____

In the Matter of DARIA A.
    WENGENROTH,
                        Appellant,

        v                                    MEMORANDUM AND ORDER

THOMAS F. McGUIRE III,
                        Respondent.
_____


Calendar Date:   February 19, 2015

Before:  Peters, P.J., McCarthy, Rose and Clark, JJ.

                        _____


        Teresa C. Mulliken, Harpersfield, for appellant.

        Jehed F. Diamond, Delhi, for respondent.

        Christine A. McCue, Central Bridge, attorney for the child.


                        _____


McCarthy, J.

        Appeal from an order of the Family Court of Delaware County
(Becker, J.), entered January 30, 2014, which, among other
things, in a proceeding pursuant to Domestic Relations Law
article 5-A, granted a motion by the attorney for the child to
dismiss the petition.

        Petitioner (hereinafter the mother) and respondent
(hereinafter the father) are the parents of a daughter (born in
2002).  In 2007, Supreme Court (McGuirk, J.) in Orange County
entered a judgment of divorce which granted the mother sole
custody of the daughter, with reasonable visitation to the
father.  The daughter went to visit the father in Georgia in
spring or summer 2011.  The mother then gave permission for the

child to remain there for the following school year.  The child has remained in Georgia with the father ever since, although the mother alleges that she has repeatedly asked that the child be returned to her.

In September 2013, the mother commenced this proceeding to enforce the custody provisions of the divorce judgment pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-A [hereinafter UCCJEA]), seeking eventual return of the child.  After an initial appearance, the attorney for the child moved to dismiss the petition on the ground that Family Court did not retain exclusive, continuing jurisdiction over the matter (see Domestic Relations Law § 76-a), or, alternatively, that the court decline jurisdiction because New York is an inconvenient forum (see Domestic Relations Law § 76-f).  Family Court dismissed the petition.  The mother appeals.

We reject the attorney for the child's argument that the mother's petition was not ripe for review.  Although the mother did not demand immediate return of the child, but was sensitive to the child's school schedule and sought her return at a later time, the mother was seeking to enforce the divorce judgment and the father expressed no intention to allow the child to return to the mother's custody.  Thus, the mother's petition was not based on a future uncertain contingency (compare Matter of Morris v Ciaramitaro, 13 AD3d 924, 924 [2004]).

Considering the mother's demand, however, we cannot accept her current argument that Family Court erred by failing to hold a hearing within three days of her filing of the petition.  That requirement applies to the expedited enforcement of a custody determination (see Domestic Relations Law § 77-g [3]; see also Domestic Relations Law § 77-i).  Inasmuch as the mother did not seek immediate return of the child, the court did not err in failing to adhere to that requirement here.

The mother's main argument is that Family Court erred in applying title II of the UCCJEA, entitled "[j]urisdiction," rather than title III, entitled "[e]nforcement."  While title III is not limited to enforcement of out-of-state custody

determinations, and its "mechanisms . . . are presumptively available in any enforcement action" (Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 77, at 563; see Domestic Relations Law § 77), several of the sections within title III do refer or apply to custody determinations issued by courts in other states (see e.g. Domestic Relations Law §§ 77-b, 77-d, 77-e, 77-l). Similarly, title II has sections dealing with initial custody determinations and modification determinations (see Domestic Relations Law §§ 76, 76-b), neither of which is sought by the petition here, but the title overall is broader than those sections. Simply because the mother's petition seeks enforcement of a custody determination, rather than modification, does not mean that the title addressing enforcement must be relied upon independently and exclusively, without any possible reference to the title addressing jurisdiction. Instead, courts can apply both the jurisdiction and enforcement portions of the UCCJEA, where applicable.

A New York court that made a child custody determination "has exclusive, continuing jurisdiction over the determination until . . . a court of this state determines that neither the child, [nor] the child and one parent, . . . have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76-a [1] [a]). Here, Family Court determined that the child had lived in Georgia with the father for more than two years and all of her medical and educational records and providers are in Georgia.[1] While the mother and other family members reside in New York, the child did not return to New York

---

[1] Although the mother contends that she repeatedly requested the return of her daughter — such that the child's time in Georgia should not be held against the mother — the mother agreed to allow the daughter to live with the father for an entire school year, even if she considered that a "temporary" transfer of custody. When the child was not returned to New York after that school year, the mother waited more than a full year before seeking court intervention through the petition at issue.

— for visitation or any other reason — during the years that she was living in Georgia (compare Matter of Mercado v Frye, 104 AD3d 1340, 1341 [2013], lv denied 21 NY3d 859 [2013]; Matter of King v King, 15 AD3d 999, 1000-1001 [2005]).  Thus, neither the child nor the father had a significant connection with New York, and substantial evidence regarding "the child's care, protection, training, and personal relationships" is located in Georgia rather than New York (Domestic Relations Law § 76-a [1] [a]).  According to the statute, after this determination, New York courts no longer have exclusive, continuing jurisdiction over the divorce judgment determining custody.  Due to this determination, Family Court properly dismissed the mother's petition for lack of jurisdiction (see Matter of Brown v Heubusch, 124 AD3d 1396, 1397 [2015]; Matter of Maida v Capraro, 86 AD3d 924, 924 [2011]).

Peters, P.J., Rose and Clark, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court