*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  July 16, 2015                    519734
_____

In the Matter of BRITTANY R.
    and Others, Alleged to be
    Permanently Neglected
    Children.

SCHOHARIE COUNTY DEPARTMENT OF
    SOCIAL SERVICES,                     MEMORANDUM AND ORDER
                    Respondent;

ANNEMARIE R.,
                    Appellant.
_____

Calendar Date:  June 1, 2015

Before:  Lahtinen, J.P., Lynch, Devine and Clark, JJ.

                    _____

        Thomas F. Garner, Middleburgh, for appellant.

        David Lapinel, Schoharie County Department of Social
Services, Schoharie, for respondent.

        Douglas Putnam, Warnerville, attorney for the children.

        Christine Nicolella, Delanson, attorney for the child.

                    _____

Clark, J.

        Appeal from an order of the Family Court of Schoharie
County (Bartlett III, J.), entered July 18, 2014, which, in a
proceeding pursuant to Family Ct Act article 10, denied
respondent's motion to vacate two prior judicial surrenders of
parental rights with respect to certain of her children.

Respondent is the mother of a daughter, Brittany R. (born in 1997) and twins (born in 2006). In March 2014, respondent executed judicial surrenders of parental rights with respect to her twin children, which Family Court acknowledged and accepted (see Social Services Law § 383-c [3]). Subsequently, respondent moved to vacate the judicial surrenders on the basis that her psychiatric problems had prevented her from meaningfully participating in the proceedings. Family Court denied the motion, and respondent appeals.

"A surrender of parental rights becomes final and irrevocable immediately upon its execution and acknowledgment" (Matter of Chasity O. [Douglas O.], 113 AD3d 894, 894-895 [2014] [internal quotation marks and citations omitted]). Therefore, "in the absence of fraud, duress or coercion, no action may be maintained by the surrendering parent to revoke or annul the surrender agreement" (Matter of Thomas X. [Megan X.], 80 AD3d 832, 833 [2011], lv denied 16 NY3d 710 [2011] [internal quotation marks and citations omitted]). Initially, we note that respondent does not claim that her judicial surrenders were procured by fraud, duress or coercion; rather, she argues that they were involuntary because her mental capacity was such that she could not understand the consequences of her actions (see id. at 833). Nevertheless, our review of the record discloses that respondent freely and knowingly executed the judicial surrenders with an understanding of the gravity and finality of her decision (see Matter of Chasity O. [Douglas O.], 113 AD3d at 895).

During the colloquy with Family Court, respondent acknowledged that she undertsood the irrevocability of the judicial surrenders and declined supportive counseling twice. She also acknowledged that no physical, mental or emotional illness prevented her from understanding the proceedings. Respondent's grasp of the significance of the proceedings was further evidenced by her negotiation during the colloquy — both through counsel and on her own — including requesting that she receive copies of school report cards and that the proceedings be kept confidential. Accordingly, Family Court properly denied respondent's motion to vacate the judicial surrenders (see Matter of Gino Z., 4 AD3d 631, 632 [2004]).

Briefly, with regard to respondent's contention that Family Court should not have denied her motion without a hearing, respondent's motion lacked a legal basis upon which Family Court may have rescinded the judicial surrenders. Therefore, no hearing was required. In addition, we find no basis in the record for the contention by the attorney for Brittany that respondent signed the judicial surrenders only because she believed that it would allow her to regain custody of Brittany. Family Court made it clear that the judicial surrenders of the twin children was completely separate from whatever may occur with regard to Brittany.

Lahtinen, J.P., Lynch and Devine, JJ., concur.

ORDERED that the order is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court