McCarthy, J.
Appeal from an order of the Family Court of Cortland County (Campbell, J.), entered May 18, 2016, which dismissed petitioner’s application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of a son (born in 2006), born in New York. In 2014, Family Court issued an order, on the parties’ consent, granting the father’s petition to modify a prior custody and visitation order, and awarded the parties joint custody of the child with placement with the mother effective June 25, 2014. The 2014 order granted the father visitation with the child during summer vacations and school breaks of three consecutive days or more and as the parties mutually agree. The father apparently remained in New York while the mother and child have lived in Illinois and then Wisconsin with various relatives.[1] In May 2016, the father commenced this modification proceeding seeking sole custody of the child, alleging that, among other things, the mother lacks stable housing and is a substance abuser, and that the child has been living with either his maternal grandmother or great-grandmother since March 2016. Prior to a response by the mother, Family Court sua sponte dismissed the petition, finding that New York does not have continuing exclusive jurisdiction over the child’s custody pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-A). The father appeals.[2]
We reverse. A New York court that has previously made a child custody determination “has exclusive, continuing jurisdic *1440 tion over the determination until ... a court of this state determines that neither the child [nor] the child and one parent . . . have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child’s care, protection, training, and personal relationships” (Domestic Relations Law § 76-a [1] [a]; see Matter of Wengenroth v McGuire, 127 AD3d 1278, 1280 [2016], lv denied 26 NY3d 913 [2015]). In dismissing the petition, Family Court relied upon the fact that the child and the mother had not resided in New York for over two years and that the “events which [the father] asserts in support of his petition occurred in Wisconsin.” However, the father, who shares joint custody of the child pursuant to the 2014 order and has apparently lived continuously in New York since before the 2014 custody order was issued, alleges in an affidavit in support of his petition that the child spent the prior summer — from June 22, 2015 to August 22, 2015 — with him in New York pursuant to the 2014 order[3] (see Matter of Belcher v Lawrence, 98 AD3d 197, 200-201 [2012]; compare Matter of Wengenroth, 127 AD3d at 1280; Matter of Zippo v Zippo, 41 AD3d 915, 916 [2007]). The allegations in the petition, while somewhat confusing, further suggest that the child lived in New York from his birth until June 2014 and for a period of several months in early 2016, and that the child has a half sibling living with the father with whom he is bonded. According to the father, the child has his own room, a bank account, a YMCA membership and many familial and social relationships in New York.
Family Court “should have given the parties an opportunity to present evidence as to whether the child[ ] ha[s] maintained a significant connection with New York, and whether substantial evidence is available in New York concerning the child [⅛] ‘care, protection, training, and personal relationships’ ” (Pyronneau v Pyronneau, 130 AD3d 707, 708 [2015], quoting Domestic Relations Law § 76-a [1] [a]). Given due process concerns, sua sponte dismissal of pleadings is to be used sparingly in the absence of extraordinary circumstances (see Wells Fargo Bank, N.A. v Pabon, 138 AD3d 1217, 1219 [2016]; Maynard v Maynard, 138 AD3d 794, 794 [2016]). Crediting the father’s factual allegations at this early juncture,[4] as we must, we find that the child continues to have significant connections to New York *1441 (see Matter of Seminara v Seminara, 111 AD3d 949, 950-951 [2013]; Matter of Mercado v Frye, 104 AD3d 1340, 1341 [2013], lv denied 21 NY3d 859 [2013]; Matter of Belcher v Lawrence, 98 AD3d at 200-201; Matter of Hissam v Mancini, 80 AD3d 802, 803 [2011], lv dismissed and denied 16 NY3d 870 [2011]; Matter of Sutton v Sutton, 74 AD3d 1838, 1839 [2010]; see also Vernon v Vernon, 100 NY2d 960, 972 [2003]). That is, while significant evidence concerning the child’s current “care, protection, training, and personal relationships” (Domestic Relations Law § 76-a [1] [a]) may be in Wisconsin, the same may ultimately be said about New York, which retains significant connections with the father and the child. Family Court, which presided over the 2014 proceedings involving this child, is presumably more familiar with the parties than Wisconsin courts would be (see Matter of Snow v Elmer, 143 AD3d 1217, 1219 [2016]), and the testimony of the mother, grandmother and other relevant Wisconsin witnesses could be presented “by telephone, audiovisual means, or other electronic means” (Domestic Relations Law § 75-j [2]; see Matter of Snow v Elmer, 143 AD3d at 1219). Thus, we find that Family Court erred in summarily concluding that it was divested of its exclusive, continuing jurisdiction to determine custody pursuant to Domestic Relations Law § 76-a (1) (a), and it should not have dismissed the petition on this ground at this early stage and on this limited record.
Peters, P.J., Garry, Rose and Aarons, JJ., concur.
Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Cortland County for further proceedings not inconsistent with this Court’s decision.

. The record does not reflect whether the mother obtained a court order authorizing her move out of state with the child.

. The mother has not submitted a brief or letter on appeal although contacted and requested to do so.

. The father’s brief on appeal represents that the child also spent the summer of 2016 with him in New York.

. On a motion to dismiss pursuant to CPLR 3211 (a), the facts as alleged in the petition are accepted as true (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Likewise here, where the petition was dismissed without a motion, *1441 sua sponte, Family Court was bound to credit the father’s allegations in his petition.