■ In the Matter of JASON F.A. FRANCISCO A., Appellant; DUTCHESS COUNTY DEPARTMENT OF COMMUNITY AND FAMILY SERVICES, Respondent. [54 NYS3d 709]—

Appeal by the father from an order of the Family Court, Dutchess County (Joseph A. Egitto, J.), entered February 22, 2016. The order granted the motion of the Dutchess County Department of Community and Family Services to dismiss the father's petition to vacate the conditional judicial surrender of his parental rights to the subject child.

Ordered that the order is affirmed, without costs or disbursements.

On July 16, 2014, the father executed a conditional judicial surrender of his parental rights to the subject child, following proceedings held on the same day. Approximately 10 months later, he filed a petition to vacate his conditional judicial surrender. The Dutchess County Department of Community and Family Services (hereinafter DCFS) moved to dismiss the petition. The attorney for the child supported DCFS's motion. The Family Court granted the motion, and the father appeals. We affirm.

The father's contention that the Family Court coerced him into executing the conditional judicial surrender is unpreserved for appellate review (*see Matter of Omia M. [Tykia B.]*, 144 AD3d 1637, 1637 [2016]; *Matter of Angel P. [Evelyn C.—Keith G.]*, 137 AD3d 793, 796 [2016]). In any event, the father's contention is without merit.

A surrender of parental rights becomes final and irrevocable immediately upon its execution and acknowledgment, and in the absence of fraud, duress, or coercion, no action may be maintained by the surrendering parent to revoke or annul the surrender agreement (*see* Social Services Law § 383-c [6] [d]; *Matter of Robert Jordan G. [Robert D.]*, 97 AD3d 576 [2012]; *Matter of Bruemmer v Suffolk County Dept. of Social Servs.*, 29 AD3d 903 [2006]; *Matter of Gino Z.*, 4 AD3d 631, 632 [2004]; *Matter of Amanda B.*, 206 AD2d 636, 636-637 [1994]). Here, prior to the father's execution of the conditional judicial surrender, the Family Court advised him in significant detail of his rights to legal counsel and supportive counseling, the nature of the parental rights he was giving up, and the finality of the surrender procedure, all of which the father explicitly understood. Further, the father acknowledged that no physical or mental illness prevented him from understanding the proceedings, negotiated the conditions of surrender, including annual supervised visits with the child, and specifically stated that he was not being coerced into surrendering his parental rights. Accordingly, he was not entitled to vacatur of his conditional judicial surrender, and therefore, the court properly granted DCFS's motion to dismiss his petition (*see Matter of Naquan L.G. [Carolyn C.]*, 140 AD3d 757, 759-760 [2016]; *Matter of Brittany R. [Annemarie R.]*, 130 AD3d 1271, 1272 [2015]).

Contrary to the father's contention, he received meaningful representation during the surrender proceedings (*see* Family Ct Act § 262 [a] [i]; *Matter of Alfred C.*, 237 AD2d 517 [1997]). Rivera, J.P., Hall, Barros and Brathwaite Nelson, JJ., concur.