Matter of Hogencamp v Matthew KK. (2025 NY Slip Op 06106)

Matter of Hogencamp v Matthew KK.

2025 NY Slip Op 06106

Decided on November 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 6, 2025

CV-24-0899
[*1]In the Matter of William F. Hogencamp, as a State Police Investigator, Appellant,
v
Matthew KK., Respondent.

Calendar Date:September 2, 2025

Before:Garry, P.J., Pritzker, McShan, Powers and Mackey, JJ.

Letitia James, Attorney General, New York City (Blair J. Greenwald of counsel), for appellant.

McShan, J.
Appeal from an order of the Supreme Court (Sara McGinty, J.), entered April 24, 2024 in Columbia County, which, in a proceeding pursuant to CPLR article 63-A, dismissed the petition.
In April 2024, respondent, a Vermont resident, was traveling on a bus through Columbia County and started making threats to harm himself and others. A fellow passenger contacted law enforcement, who responded, took respondent into custody and transported him to Samaritan Hospital for an evaluation pursuant to Mental Hygiene Law § 9.41. The same day, petitioner filed an application for an extreme risk protection order (hereinafter ERPO) pursuant to CPLR 6341 alleging that respondent "is likely to engage in conduct that would result in serious harm to self or others." Supreme Court declined to issue a temporary ERPO and scheduled a hearing for April 5, 2024, to decide on whether a final ERPO should be issued (see CPLR 6342 [5]; 6343 [1]). However, one day prior to the scheduled hearing, Supreme Court, sua sponte, issued a decision canceling the hearing and dismissing the petition. As grounds for the dismissal, the court found that dismissal best served the interest of preserving judicial and law enforcement resources given respondent's inability to purchase a firearm due to the arrest pursuant to Mental Hygiene Law § 9.41, purported hospital admission pursuant to Mental Hygiene Law § 9.39 (a) and the lack of any indication that respondent owned any firearms in New York at the time of the proceeding. Petitioner appeals.[FN1]
To begin, as the order on appeal was issued on a sua sponte basis, no appeal lies as of right (see CPLR 5701 [a] [2]). Nevertheless, "we treat the notice of appeal as a request for permission to appeal and grant the request" (Eastern States Well & Pump Servs., LLC v Martin, 239 AD3d 1082, 1083 [3d Dept 2025] [internal quotation marks and citation omitted]).
As to the merits,[FN2] Supreme Court's sua sponte order dismissing the petition must be reversed. "[S]ua sponte dismissals are to be used sparingly and only when extraordinary circumstances exist to warrant them" (Wells Fargo Bank, N.A. v St. Louis, 229 AD3d 116, 120 [2d Dept 2024]; accord CitiMortgage, Inc. v Lottridge, 143 AD3d 1093, 1094 [3d Dept 2016]). Here, there is no indication that such extraordinary circumstances exist. The grounds relied upon by Supreme Court — that the relief that would be provided by an ERPO was "duplicative and an inefficient use of judicial and law enforcement resources" — to the extent that they could constitute meritorious grounds for dismissal, require that petitioner be given the opportunity to respond and object (see Wallace v Kinney, 239 AD3d 1396, 1398 [4th Dept 2025]; Matter of Burdick v Boehm, 148 AD3d 1439, 1440 [3d Dept 2017]; Ray v Chen, 148 AD3d 568, 569 [1st Dept 2017]). Moreover, CPLR 6343 (1) clearly mandates that if a temporary ERPO is denied, such as occurred here, the court hold a hearing, no later than 10 business days after the application for the ERPO [*2]is served on the respondent, to determine whether an ERPO should be issued. Supreme Court's sua sponte dismissal on grounds that are entirely absent from the statute was improper, and we therefore reverse and remit to conduct a hearing as required.
Garry, P.J., Pritzker, Powers and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Supreme Court for a hearing within six days of the date of this decision.

Footnotes

Footnote 1: Respondent has not participated in any aspect of this appeal despite receiving notice thereof.
Footnote 2: We requested supplemental briefing from petitioner concerning the discrete issue of any potential nonwaivable jurisdictional concerns due to respondent's out-of-state residency. Having reviewed petitioner's briefing, we are satisfied that the statutory language does not expressly limit Supreme Court's jurisdiction in this matter.