Matter of Robert FF. v Heather HH. (2025 NY Slip Op 06566)

Matter of Robert FF. v Heather HH.

2025 NY Slip Op 06566

Decided on November 26, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 26, 2025

CV-23-2435
[*1]In the Matter of Robert FF., Appellant,
v
Heather HH. et al., Respondents.

Calendar Date:October 16, 2025

Before:Aarons, J.P., Reynolds Fitzgerald, Ceresia, Fisher and McShan, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Kristin A. Bluvas of counsel), for appellant.
Law Office of Alexandra J. Buckley, PLLC, Albany (Alexandra J. Buckley of counsel), for respondents.
Trinidad M. Martin, Glens Falls, attorney for the child.

Reynolds Fitzgerald, J.
Appeal from an order of the Family Court of Warren County (Paulette Kershko, J.), entered November 20, 2023, which, in a proceeding pursuant to Family Ct Act article 6, among other things, granted respondents' motion to dismiss the petition.
Petitioner (hereinafter the father) is the father, and the respondents (hereinafter the aunt and uncle) are the maternal aunt and uncle of the child (born in 2015). In 2019, the child was injured in New York when she was attacked by a dog. Due to this incident, Schenectady County Department of Social Services became involved, the aunt and uncle became a custodial resource for the child and the child relocated to South Carolina to live with them. In 2021, the aunt and uncle filed a petition for custody of the child in Schenectady County Family Court. The court (Polk, J.) made a finding of extraordinary circumstances, based on the mother's history of severe alcohol abuse, homelessness and an inability to care for the child and the father's history of domestic violence and his status as an incarcerated person, specifically noting that his incarceration was a result of domestic violence perpetrated against the mother.[FN1] Based on this finding, the court awarded the aunt and uncle sole legal and primary physical custody of the child, with the father having telephone contact and further parenting time as mutually agreed upon. In 2023, the father filed a modification petition seeking sole legal and physical custody of the child. The aunt and uncle filed a motion to dismiss the petition based on lack of jurisdiction (see Domestic Relations Law §§ 76-a, 76-f), which the attorney for the child supported. The father opposed said motion. Thereafter, Family Court (Kershko, J.) determined it lacked exclusive, continuing jurisdiction over the matter and dismissed the petition. The father appeals.
"[A] court of this state which has made a child custody determination . . . has exclusive, continuing jurisdiction over the determination until . . . neither the child, [nor] the child and one parent . . . have a significant connection with this state and that substantial evidence is no longer available in this state concerning the child's care, protection, training, and personal relationships" (Domestic Relations Law § 76-a [1] [a]). The father concedes that the child has not lived in New York since 2019 and, further, that there had been a complete absence of the child from New York for four years.[FN2] Moreover, as Family Court found, substantial evidence concerning the child's care, protection, training and relationships, including information and records pertaining to the child's schooling, health care providers and therapists, do not exist in New York, and instead are located in South Carolina. Contrary to the father's argument that evidence exists in New York, this evidence predates the 2021 custody order and would not be relevant in proving a change in circumstances since that order. Additionally, although the 2021 order contains [*2]a provision that New York shall retain jurisdiction of this matter, the "parties cannot, by agreement, confer jurisdiction on [a] state" (Matter of Eldad LL. v Dannai MM., 155 AD3d 1336, 1338 [3d Dept 2017] [internal quotation marks and citation omitted]). Accordingly, Family Court's determination that it lacks jurisdiction is fully supported by the record (see Matter of Wengenroth v McGuire, 127 AD3d 1278, 1281 [3d Dept 2015], lv denied 25 NY3d 913 [2015]; Matter of Zippo v Zippo, 41 AD3d 915, 916 [3d Dept 2007]; Matter of King v King, 15 AD3d 999, 1000-1001 [4th Dept 2005]), and the fact that the father continues to reside in New York does not require a different conclusion (see Matter of Felicia McM. v Jerrold L.W., 51 AD3d 501, 502 [1st Dept 2008]; Matter of King v King, 15 AD3d at 1001). Lastly, the father's contention that the court should have conducted a hearing is unpreserved as no objection was raised by him when Family Court ruled that the motion could be heard on submission. In any event, the father was afforded the opportunity to raise all arguments prior to the court's determination of the motion and the father's counsel capably advanced his interests (see Matter of Tiyani AA. [Yani Z.], 232 AD3d 1147, 1149 [3d Dept 2024]; Matter of Brandon HH. v Megan GG., 214 AD3d 1036, 1037 [3d Dept 2023]).
Aarons, J.P., Ceresia, Fisher and McShan, JJ., concur.
ORDERED that the order is affirmed, without costs.

Footnotes

Footnote 1: The mother of the child died in November 2021.

Footnote 2: Currently, the child has been absent from New York for six years.